STOUT, ADMINISTRATOR, *v.* THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY.

APPEAL.—*Superior Court.*—*Injury to Person.*—*Administrator.*—Where a judgment, recovered at a special term of the superior court, by a plaintiff, for an injury to his person, is reversed at a general term of said court, and remanded to special term for a new trial, and thereafter, the plaintiff dies, no appeal lies from such reversal to the Supreme Court, in favor of the administrator of the deceased.

APPEAL from the Marion Superior Court.

WORDEN, J.—This was a common law action by Peter Stout against the appellee, to recover damages for the alleged negligence of the defendant in so constructing her railroad and running her trains thereon as that the plaintiff, in driving along a highway crossing the railroad, without his own fault, was injured by a locomotive and train of cars.

The cause was tried at special term, and a verdict and judgment were rendered for the plaintiff for three thousand dollars damages. On appeal to general term, this judgment was reversed and the cause remanded to special term for a new trial. The plaintiff below excepted to the judgment below in reversing the judgment rendered at special term and remanding the cause for a new trial, and prayed an appeal to the Supreme Court.

The errors are assigned by Alfred Stout, as administrator of Peter Stout's estate. We must assume that Peter Stout, since the proceedings were had below, has died, and that Alfred Stout has been appointed his administrator.

The question arises whether the appeal can be prose-

cuted by an administrator. We are of opinion that it cannot. The action is not one that survives, but dies with, the person. "A cause of action arising out of an injury to the person, dies with the person of either party, except in cases in which an action is given for an injury causing the death of any person, and actions for seduction and false imprisonment." 2 G. & H. 330, sec. 782. This action is not within any of the exceptions above stated.

The plaintiff below, it is true, recovered a judgment against the defendant at special term, but that judgment was reversed at general term, and the cause remanded for a new trial. If the judgment of reversal thus rendered at general term should be reversed, the original judgment would stand. But as the record stands, the plaintiff below has no judgment, but has an action pending. Conceding that an appeal would have lain from the judgment of reversal thus rendered, directly to this court, before the final determination of the cause in the court below, had the plaintiff lived, still an appeal cannot lie in favor of an administrator in such case. We have seen that the action was for an *injury* to the person of the plaintiff, and dies with his person. Then we have the following statute on the subject of appeals to this court. "In case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor, and against whom, the action might have been revived, if death had occurred before judgment." 2 G. & H. 271, sec. 552.

Had Peter Stout died before judgment, the action could not have been revived in favor of his administrator, and hence the right of appeal to this court is not given to his administrator.

The appeal is dismissed, with costs.

*L. Barbour, C. P. Jacobs,* and *C. W. Smith,* for appellant.
*M. A. Osborn,* for appellee.