JAMES L. HART, RESPONDENT, v. WILLIAM T. WASH-
BURN AND ANOTHER, AS EXECUTORS OF BENJAMIN
RICHARDSON, DECEASED, APPELLANTS.

*Revivor — action for a penalty — the wrong merged in the judgment — the death of the defendant does not affect proceedings on appeal from an order opening the judgment.*

An action was brought by one Hart to recover of one Richardson, as trustee of a mining corporation, organized under the general manufacturing act of 1848, by reason of a liability created by said act, because of a failure to make, file and publish an annual report. The plaintiff entered judgment by default. This default was opened, and the plaintiff appealed from the order opening the same. Pending the appeal the defendant died.

The plaintiff then made a motion to continue the action against the executors of the defendant, which was granted.

*Held*, that this was proper.

That the principle that an action for a statutory penalty died with the person did not apply

That the penalty was merged in the judgment; that death did not put the judgment out of existence, and although it had been set aside the plaintiff had a right to prosecute his appeal to the end that it might be determined whether or not the judgment should be restored.

APPEAL by the defendants, William T. Washburn, as executor, and Emma Richardson, as executrix, of Benjamin Richardson, deceased, from an order, entered in the office of the clerk of the city and county of New York on the 10th day of April, 1891, continuing the action against the executor and executrix and directing that all papers in the action be amended by making them parties defendant.

*William S. Andrews*, for the appellants.

*H. G. Wood*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover a liability imposed by the act of 1848 for the failure of the defendant to make and file the annual report of a mining company, of which the defendant was a trustee. A judgment was entered in favor of the plaintiff against the defendant, and a motion was made to open this default, which was granted. An appeal was taken to the General Term, and pending this appeal

the defendant died. A motion was then made to revive the action against the executors, which motion was granted, and from the order thereupon entered this appeal is taken.

It is claimed, upon the part of the appellants, that the motion should have been denied, because the action, being for a penalty imposed by statute, died with the person, and cannot be revived against the executors of the defendant.

It is not necessary to discuss the propositions that the cause of action is penal in its nature, and abates with the death of the defendant. But in the case at bar the plaintiff had already acquired a judgment. It is true that that judgment had been set aside, but he had appealed from the order setting aside the judgment to the General Term, and that appeal was pending; and, as far as that appeal was concerned, the litigation was over the judgment, and not over the original cause of action, thus bringing the case precisely within the terms of *Carr* v. *Rischer* (119 N. Y., 123), in which case a trial had been had, a verdict rendered and a judgment entered, from which judgment the defendant had appealed to the General Term, where the judgment was reversed and a new trial granted, and an appeal taken from the order of reversal, and then the defendant died. A motion was then made to dismiss the appeal in the Court of Appeals upon the ground that the action had abated by death, and that court held that the money was merged in the judgment, and that the reversal of the judgment did not strike the judgment out of existence, inasmuch as the judgment might be restored upon appeal to that court, and that the action might be continued for that purpose.

In the case at bar it is true that the judgment had been set aside by the order of the Special Term opening the default, but an appeal was pending from that order, and that judgment might be reinstated upon that appeal, as has been done by the decision of this court handed down herewith.

Under the principles laid down in the case cited, the plaintiff had a right to continue the action against the personal representatives of the defendant for the purpose of ascertaining whether or not that judgment could not be restored upon appeal. We see no distinction whatever between the case and the principle which controls, which is, that the wrong having been merged in the judgment, so long as

the parties are litigating over the judgment, death does not operate to abate the action, whatever it might do when the parties are litigating over the original cause of action.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

PATTERSON, J.:

I concur. There was a property right in the judgment, and the case is directly within the ruling in *Carr* v. *Rischer*, as is pointed out in the opinion of the presiding justice.

Order affirmed, with ten dollars costs and disbursements.