## CRAWFORD v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

### In Banc, January 27, 1902.*

1. **Practice: RECORD: AMENDMENT DURING TERM.** During the whole of the term in which any judicial act is done, the proceedings are considered to continue in course of accomplishment, and even after a judgment has been rendered the record remains in the breast of the judge, and is therefore subject to amendment or alteration, as he may direct.

2. ———: ———: ———: **DEATH OF APPELLANT.** If the appellant dies after his appeal has been allowed, the circuit court still retains jurisdiction during the same term for the purpose of permitting it to be revived in the name of his administrator and of permitting the administrator to file a bill of exceptions, if the cause is one that survives to the personal representative.

3. ———: ———: ———: ———: **NO SCIRE FACIAS: APPEARANCE.** Although no *scire facias* has been issued to a defendant to show cause why the suit should not be revived in the name of the administrator of the deceased plaintiff, yet the voluntary appearance of the defendant and an agreement that plaintiff may have till the next term to file his bill of exceptions, authorizes a revivor without further process.

4. **Reviving Cause Already Revived in Trial Court.** Where a cause has been revived in the name of the administrator in the circuit court, it is not necessary to do the useless thing of reviving it again in the appellate court.

5. **Effect of Appeal.** By an order granting an appeal the circuit court does not so lose jurisdiction over the case as to lose the right to correct or set aside its own judgment during the term or to permit the cause to be revived in the name of the administrator of the deceased appellant or to make an order permitting the filing of a bill of exceptions by him at that term or at some subsequent day.

6. ———: **REVIVOR: PERSONAL INJURIES: APPEAL FROM ORDER GRANTING NEW TRIAL.** A cause of action for personal injuries becomes merged

---

*NOTE—This opinion was delivered January 27, 1902, but the case being a companion one with Gabbert v. Chicago, Rock Island & Pacific Railway Company, found at page 84 of this volume, was not certified to the reporter by the clerk until January 26, 1903. Hence, its appearance out of its chronological order.

in a judgment for plaintiff, and his death after an appeal has been taken from an order granting a new trial, does not cause the action to abate, but the orders granting the new trial and the appeal simply suspend the operation of the judgment, and hence the cause may be revived in the name of his administrator.

Motion to Revive Cause and to Substitute Administrator as Appellant.

MOTION SUSTAINED.

*Brown & Dolman* against the motion.

(1)   The circuit court, by the allowance of the appeal, lost jurisdiction of the case and its order reviving it in the name of the administrator was without jurisdiction, and void.   State ex rel. v. Gates, 143 Mo. 68; Burgess v. O'Donoghue, 90 Mo. 299; Ladd, Patrick & Co. v. Couzins, 35 Mo. 513; DeKalb Co. v. Hixon, 44 Mo. 341; Bank v. Allen, 68 Mo. 474; Brill v. Meek, 20 Mo. 359; Oberkoetter v. Luebbering, 4 Mo. App. 481; State ex rel. v. Campbell, 25 Mo. App. 635; State ex rel. v. Anthony, 65 Mo. App. 543; State v. Musick, 7 Mo. App. 597; State v. McO'Blenis, 21 Mo. 272; Houser v. Andersch, 61 Mo. App. 15.   Not only must the name of the plaintiff be changed, but the suit must be continued in this court by the personal representative of the deceased plaintiff in the manner provided in article 8 of chapter 8, Revised Statutes 1899.   This can only be done by the voluntary appearance and by consent of the parties, or by the order to show cause as therein provided.   R. S. 1899, p. 279; Jeffries v. Flint, 55 Mo. 31.   (2)   This is not an action that survives to the personal representative nor to any one else.   It is an action for personal injury to the intestate and is expressly excepted by section 97, Revised Statutes 1899, from the category of actions which survive to the personal representative.   Davis v. Morgan, 97 Mo. 79; Stanley v. Bircher's Exec., 78 Mo. 425; 1 Chitty on Pleading (9 Amer. Ed.), 68-448; 2 Addison on Torts (Wood's Ed.), sec. 1326; Woehrlin v. Schaffer,

17 Mo. App. 442; Melvin v. Evans, 48 Mo. App. 421; Martin v. Railroad, 151 U. S. 697; Murphy v. McGrath, 79 Ill. 594; Moore v. Bennett, 65 Barb. 338. (3) In this suit a verdict for plaintiff was returned and on motion was set aside by the court and a new trial granted. The appeal was taken without supersedeas bond from the order setting aside the verdict and granting a new trial. The appeal does not have the effect to vacate the order granting a new trial, and to restore the verdict, so that the plaintiff's claim of damages for tort is not only not merged in a judgment, but he is without either verdict or judgment. Burgess v. Hitt, 21 Mo. App. 313; Freeman on Judgments, sec. 328; Railroad v. Atkinson, 17 Mo. App. 484; State ex rel. v. Woodson, 128 Mo. 517; State ex rel. v. Dillon, 96 Mo. 56; Lewis v. Railroad, 59 Mo. 495. (4) The very fact that the administrator wants to prosecute the cause for the purpose of obtaining a judgment, demonstrates that the claim has not yet been merged in a judgment so as to become assets of the administrator, and this is the real test of his right to interfere. Hunt v. Conrad, 47 Minn. 558; Rice v. Stone, 1 Allen 566; Lawrence v. Martin, 22 Cal. 173; Brooks v. Hanford, 15 Abb. Pr. 342; Benjamen's Exec. v. Smith, 17 Wend. 208; Murphy v. McGrath, 79 Ill. 594; More v. Bennett, 65 Barb. 338; Davis v. Morgan, 97 Mo. 79; Woehrlin v. Schaffer, 17 Mo. App. 442; Melvin v. Evans, 48 Mo. App. 421.

*James W. Boyd* for the motion.

(1) The respondent claims that by the allowance of the appeal the circuit court not only lost jurisdiction of the case, but also of its record in the case. In support of this statement it cites a number of cases wherein it is held that at a term subsequent to the term at which an appeal is taken, the court has no jurisdiction. None of these cases hold that the court may not, after an appeal, and during the same term, make all orders necessary to complete the record, unless the case of State v. Musick, 7 Mo. App. 597, cited by respondent,

does, and it has been overruled lest it be so understood.
Carter v. Prior, 78 Mo. 222.    That the court at the term
wherein the appeal is taken has the right, after the
appeal is allowed, to make all orders necessary to com-
plete the bill of exceptions, is both elementary and
statutory.    R. S. 1899, sec. 728; State v. Dodson, 72
Mo. 283; Shaw v. Shaw, 86 Mo. 564; Carter v. Prior,
supra.    (2)    This case was tried at the January term,
1901.    Plaintiff obtained verdict and judgment for
$2,000.  At the same term (March 6, 1901) respondent's
motion for a new trial was sustained and plaintiff ap-
pealed.    Believing his bill of exceptions could be filed
in a few days, he filed a short-form transcript in this
court.    Hicks v. Hoos, 44 Mo. App. 571.    He died be-
fore his bill of exceptions was filed, and during the Jan-
uary term of court, 1901.    After his death, and on May
4, 1901, during the January term of the court, Gabbert,
his administrator, entered his appearance in the case;
the respondent then also entered its appearance, and
by agreement made by Gabbert, administrator, and the
respondent, and entered of record, the plaintiff was by
order of the court granted leave to file bill of exceptions
during the next May term of said court.    How could
the bill of exceptions have been filed without these pre-
liminary orders?    This court had no jurisdiction to
make the orders necessary to complete the record of
the circuit court.    Each court must make its own record.
Those orders were made upon the voluntary appear-
ance and consent of both parties.    They were made for
the purpose of enabling plaintiff to file his bill of ex-
ceptions, so as to complete the record.    Our courts hold
that after order of appeal the record may be completed.
State ex rel. v. Campbell, 25 Mo. App. 635, cited by re-
spondent so holds, as well as the cases hereinabove
cited by appellant.    (3)    The other contention is that
death, after verdict and judgment for plaintiff, and
before the bill of exceptions is filed, abates the suit.
All the authorities are the other way.    Those cited by
respondent are not in point.    They are cases where the
party died before trial.    In this case verdict and judg-

ment were rendered for plaintiff, while he was living. The motion for a new trial and the order sustaining it merely suspended the judgment, until that order is set aside. State ex rel. v. Stratton, 110 Mo. 430; Lewis v. Railroad, 59 Mo. 496; Horner v. Nicholson, 56 Mo. 220. Our statute provides for rendering judgment on verdict after death of party. R. S. 1899, sec. 762; Horner v. Nicholson, 56 Mo. 220.

GANTT, J.—On October 8, 1901, the first day of the present term, Lewis C. Gabbert, the administrator of Thomas Crawford, whose name appears in the transcript filed as plaintiff and appellant, filed his motion to substitute his name as appellant in lieu of his intestate, who died after taking the appeal in this case, and that motion was denied October 26, 1901, and at the present term.

On November 5, 1901, he moved the court to set aside its order denying him the right of substitution and leave was given to file briefs for and against this motion, and the motion is now submitted on these briefs, and the copies of record of the circuit court filed.

The facts of record are that on December 18, 1900, Thomas Crawford filed his petition in the circuit court of Buchanan county, alleging that by the negligence of defendant he received personal injuries and was damaged in the sum of $2,000. At the January term, 1901, defendant filed its answer, and the said Crawford his reply. The cause came on for trial at the January term, 1901, and resulted in a verdict for said plaintiff (Crawford) for $2,000, and judgment was rendered accordingly on February 12, 1901.

Afterwards on February 15, 1901, the defendant moved the court for a new trial, alleging among other grounds that the court erred in giving instruction numbered 3, asked by plaintiff, for the reason that the same is contrary to and in violation of article 2 of the Constitution of Missouri; "that the court erred in holding that the amendment of section 28 of article 2 of the Constitution of Missouri proposed by the Fortieth General

Assembly, providing that in the trial by jury of all civil cases in courts of record three-fourths of the jury concurring may render a verdict, had been lawfully submitted to the people of the State of Missouri and adopted by them at the general election in the year 1900 and had become a valid provision of the Constitution of Missouri, and because said amendment was not submitted to a vote separately but was included in and voted upon in said election with another amendment with reference to verdicts of juries in courts not of record, and because said amendment was not submitted to a vote of the people of this State in the manner provided by sections 1 and 2 of article 15 of the Constitution of Missouri in that said proposed amendment was not published in a newspaper in each county in the State for four consecutive weeks next preceding the said general election of 1900.''    Thereafter on March 6, 1901, and at the same term, this motion was sustained and a new trial awarded defendant, because the circuit court was of opinion that the constitutional amendment providing that three-fourths of a jury concurring could render a verdict in the case was unconstitutional, and upon the further ground that two separate amendments were submitted together in the ballot as voted for by the people.

The grounds of the motion that the verdict was against the weight of the evidence and that the verdict was excessive, were withdrawn by defendant by mutual consent.

To the action of the court in granting a new trial the said plaintiff Crawford then and there duly excepted, and then and there, on March 6, 1901, filed his affidavit for appeal from the order granting a new trial, and his appeal was allowed, and a transcript of the judgment and the order allowing the appeal was duly certified to this court by the clerk of the circuit court on March 15, 1901, and the docket fee having been paid March 23, 1901, the said transcript was filed in the office of the clerk of this court. And afterwards on March 26, 1901, on motion of the said plaintiff Crawford, the said

appeal was advanced to be heard by this court in banc and the same was set down for argument on April 25, 1901. In the meantime, on March 30, 1901, said plaintiff Crawford died and on April 25, 1901, his death was suggested on the record of this court, and no further step was taken at the April term of this court in the cause.

After the death of Thomas Crawford, Lewis C. Gabbert was appointed administrator of his estate in the probate court of Buchanan county, and qualified as such, and thereafter on May 4, 1901, and during the same term at which the judgment had been rendered in favor of said Crawford and the motion for new trial sustained, the said Lewis C. Gabbert entered his appearance to said action in the circuit court of Buchanan county, and the defendant herein entered its appearance and said Gabbert was made party plaintiff, and thereupon by the agreement of both parties said administrator was granted leave to file his bill of exceptions during the May term, 1901, of said Buchanan Circuit Court. And afterwards and during said May term said administrator filed his bill of exceptions, which was signed by the judge of said court, and made a part of the record of this cause, and thereupon on October 8, 1901, said administrator moved this court as aforesaid to entitle this cause as Lewis C. Gabbert, Administrator of Thos. Crawford, deceased, appellant, v. The Chicago Rock Island & Pacific Railroad Company, respondent, and his right to have the same done presents the question for decision at this time.

I.    The objection by the defendant is that the order of the circuit court purporting to revive the suit in the name of Gabbert, the administrator, was void, and said court was without jurisdiction to do so because by the allowance of the appeal that court lost jurisdiction of said case and had no power to permit such revivor.

In the determination of this controversy we must call to our aid certain fundamental principles. Thus, it is settled law in this State that during the whole of the term in which any judicial act is done, the proceedings

are considered to continue *in fieri* and even after a judgment has been rendered the record remains in the breast of the judges of the court and is therefore subject to amendment or alteration as they may direct, but can not be so amended after the lapse of the term further than by nunc pro tunc entries which make the record speak the exact truth of what did occur. [Aull v. Trust Co., 149 Mo. 1; Rottmann v. Schmucker, 94 Mo. 144; Caldwell v. Lockridge, 9 Mo. 362; State ex rel. v. Treasurer, 43 Mo. 228; McCabe v. Lewis, 76 Mo. 296.]

And it is equally well determined that this power of the court over its own records, and its right to amend, correct and complete the same is not affected by the fact that an appeal has been taken from its judgment. [Exchange Bank v. Allen, 68 Mo. 474; DeKalb Co. v. Hixon, 44 Mo. 341; Jones v. Ins. Co., 55 Mo. 342; Gamble v. Daugherty, 71 Mo. 599.]

While a different doctrine was announced in Ladd v. Couzins, 35 Mo. 513, that case was subsequently discredited in Gamble v. Daugherty, supra, so that it is the settled doctrine that though an appeal transfers jurisdiction of the case, still the trial court has full jurisdiction and control of its own record and may notwithstanding the appeal, amend, correct and perfect the same so that it shall show exactly what transpired in said court. [State v. Logan, 125 Mo. 22.]

Counsel cite Burgess v. O'Donoghue, 90 Mo. 299, but in that case the court was called upon, not to invade the right of the circuit court to correct during the term any error in its judgment, or to prevent it from correcting by nunc pro tunc order some misprision of its clerk, but to prevent the circuit court from setting aside a sale made at a subsequent term, in pursuance of its judgment rendered at a former term, and from which an appeal had been taken without a supersedeas and the judgment affirmed in this court, and no doubt can be entertained that the judgment of this court on that state of facts was correct, but it does not in the least affect the proposition now being discussed.

Proceeding a step further: By statute law, since

the admission of this State into the Union, whenever in the progress of any trial in any civil suit pending in any court of record either party shall except to the opinion of the court and shall write his exceptions and pray the court to allow and sign same, the person composing the court, if such bill be true, shall sign the same and every bill of exceptions so signed by the judge and filed in court or with the clerk by order of the court shall form a part of the record of the cause in which it is filed. [R. S. 1899, secs. 727 and 732; R. S. 1889, secs. 2167 and 2172; R. S. 1845, secs. 25 and 28, art. 4, ch. 136; R. S. 1835, secs. 20 and 23, p. 464.]

Coming now to the record before us, it appears that the record was not complete when the original plaintiff, Thomas Crawford, took his appeal. A trial had occurred in which he had recovered judgment, and a new trial had been granted, to which action he had excepted. He had the right to appeal from that order granting a new trial by virtue of the amendment of 1891 to section 2246, Revised Statutes 1889. [See Laws 1891, p. 70.] And in order to present his appeal in an intelligible form to this court, he was entitled to have his exceptions taken in the circuit court made a part of the record of that court, and it was a part of the inherent jurisdiction of that court to complete the full record of the trial in that court and cause its rulings therein to be embodied in a bill of exceptions, approved and signed by the judge thereof and filed in said court. This right it had irrespective of any appeal that might be taken from its said order or any writ of error that might issue to it from this court, without in any manner infringing upon the jurisdiction of this court to determine said case on appeal. In so doing it would merely be completing its own record. And it had the power to do this at any time during the term or could by its order of record extend the time beyond the term. Indeed, this court has gone so far as to hold that an appellant is entitled to the whole record upon appeal, and where the court had granted time to file a bill of exceptions and this time extended beyond the day when by law he was required to

file his transcript in this court, this was considered a valid excuse for not filing the transcript and good cause why the judgment should not be affirmed for failure to file the transcript.    [Land & Investment Co. v. Martin, 125 Mo. 117; Cunningham v. Roush, 141 Mo. 640.]

To correct what we deem an incorrect construction of the statute in those cases, we have at this term promulgated a rule of this court that such extension of time shall not relieve the party appealing from filing his short transcript of the judgment and order granting the appeal within the time fixed by section 812.    [Rule 28, 169 Mo., page VII, after page 685.]

And before the rulings just adverted to, it was the practice of this court to refuse to affirm a judgment for failure to file the transcript where the term of the circuit court extended beyond the time allowed to file the transcript in this court, on the theory that the circuit court might modify or set aside its judgment at any time before the final adjournment of the term at which it was rendered.    What then results, if the original plaintiff, Crawford, had lived until the end of the January term. 1901? No doubt whatever could exist that he could have filed his bill of exceptions at any time before its adjournment.    He had perfected his appeal, as we now hold he should have done by the short method, without prejudicing his right to have his exceptions incorporated into the record, and the circuit court still retained jurisdiction for that purpose.    This being true, did his death forever cut off this right?    Could not his administrator have those exceptions made part of the record?

We think he could by having the cause revived in his name during that term of the court.    This we say, assuming that it was a cause of action which survived to the personal representative, which we will discuss later on.    The court made the order substituting the plaintiff without a *scire facias* to defendant to show cause against it and the defendant, as the record shows, voluntarily entered its appearance and agreed with said administrator that he should have until the May term to file the bill of exceptions.    When the defendant thus

entered its appearance and made this stipulation, the cause stood revived without further process. This has been the rule for many years in this State.

In Farrell's Adm'r v. Brennan's Adm'rx, 25 Mo. loc. cit. 94, it was held that where upon the death of a party plaintiff his administrator is made plaintiff as his representative without the appearance of the defendant or notice to him, the irregularity will be cured by the appearance of the defendant and the granting of a continuance on motion of defendant. Judge SCOTT saying that "this surely healed the error." And a similar ruling was made in Ferris' Adm'r v. Hunt, 20 Mo. 464, wherein it was said the defendant's appearance in court and making a motion to set aside the order allowing the cause to be continued against him in the name of the administrator was a sufficient appearance without a *scire facias* to bring him into court. Here, there was no objection, but a general appearance and a friendly stipulation; and, so far as consent can give jurisdiction over the person, it was ample. [Shockley v. Fischer, 21 Mo. App. 551; Baisley v. Baisley. 113 Mo. 544.]

We have, then, a court of record with the unquestioned right to correct, amend and perfect its record, with full power to set aside its judgment during the term, with a coincident right in the plaintiff to have his bill of exceptions filed and the record completed, and this being so, when both parties consent, we can not see why this revivor had in this way is not an incident of that court's jurisdiction to perfect its own record, and the cause having been revived once, it is not necessary to do a useless thing and revive it again in this court. Holding, then, as we do, that in reviving the cause to enable the administrator to file the bill of exceptions taken in the lifetime of his intestate, the circuit court, during the term at which the judgment was taken, was proceeding within its own jurisdiction and in no manner infringing upon any prerogative of this court, it is plain that this court was without jurisdiction to complete said record or allow for that court a bill of exceptions to its rulings. But it is suggested, and at first blush we were inclined to the view, that the administra-

tor should have applied to this court for *scire facias* to revive the suit; but upon further consideration it is plain that the bill of exceptions must have been filed at the January term or by permission obtained at that term, and is at once apparent that the bill could not be filed without a party plaintiff in court to file it, or take the leave to do so, and we have then this result, if we rule that the case could only be revived in this court: The administrator would have applied to this court for a *scire facias* at the April term, and under our laws it would have been returnable in October, some six months after his right to file a bill of exceptions had expired; or, in a word, he would have forever lost that right, and this conclusion would. be reached by denying a legal truism, viz., that the circuit court of Buchanan county had full jurisdiction during the January term of that cause, and could have set aside its order of appeal and its order granting a new trial, and restore plaintiff's judgment, and saying that with all this power it could not permit a revivor by consent and allow a bill of exceptions to be filed.

But we are here confronted with a long list of cases to the effect that after the appeal was taken the cause was pending in this court, and the circuit court could take no step. We have seen this in no sense interferes with the power of the circuit court over its own records to amend and perfect the same, but the statement that "after appeal taken the cause is pending in the appellate court," it will be found, in every one of the cases cited, was said of the effect of the appeal after the close of the term of the circuit court, and it will be found that none of these cases denies the power of the circuit court during the term to set aside the order granting the appeal itself, or denies that during the term the circuit court had plenary jurisdiction of the case and until the term ended it did not lose the right to correct or set aside its own judgments.

The principle involved is highly important. The law and its underlying reason is stated with singular force and clearness by the Supreme Court of Texas in

an opinion by Mr. Justice WEST, in Garza v. Baker, 58 Tex. 483. In that case the plaintiff had obtained judgment for possession and damages, but was not satisfied with his verdict for damages and moved to have that part of the verdict set aside. The motion was overruled, the circuit court holding it indivisible. Thereupon plaintiff gave notice of appeal from that portion of the judgment relating to damages, and the defendant gave notice of an appeal from the whole judgment, and perfected his appeal by filing his supersedeas bond, whereby he claimed the jurisdiction of the Supreme Court attached; and after this, during the same term, the plaintiff filed a new motion to set aside the whole judgment, which the court sustained, and thereupon the defendant applied to the Supreme Court for mandamus to compel the circuit court to certify his appeal, which it had refused to do, and it was denied. Said the court: "The appellate jurisdiction of this court can not, in the nature of things, attach until the judgment sought to be passed under review has become final and conclusive in fact, as well as in form and name. The district courts of this State have, from the nature of the broad grant to them in the Constitution of large original judicial power in the fullest sense, very extensive and exclusive jurisdiction, and it must follow that the Supreme Court, having only appellate authority, is as powerless as the lowest court in the State to control or revise its action, either on appeal or writ of error, until the district court has exhausted the power granted to it by the Constitution as the trustee and sole depositary of that valuable and extensive portion of the judicial authority with which it is clothed by the organic law, and in the just and lawful exercise of which it is as independent of, and as free from the control of this court, as it is and ought to be free from the control of the executive and legislative branches of the government. . . . In its own peculiar sphere, the district court is itself independent and supreme in its power, and this court has no authority to inquire into or revise its judgments *during the period* of time when, by its

very organization and constitution, it still has the power
to alter or to change them. . . . When it has per-
formed this high duty, when its grasp upon the subject-
matter of the suit has relaxed, and when its power over
its orders and action ceases by the operation of the laws
and the Constitution to exist, then, and not before, can
the revisory jurisdiction of this court be called into
exercise, by virtue of the grant of appellate judicial
power given it by the Constitution and laws." The
court in that case expressly approved Blum v. Wetter-
mark, 58 Tex. 125, in which it was said: "Yet, so far
as we are advised, it was never held or claimed that
such notice perfected the appeal so as to divest the juris-
diction of the district court from its judgment during
the term, or that the term of this court to which such ap-
peal should be returnable was to be fixed otherwise than
by counting from the last day of the term of the district
court."

Accordingly, we hold that the mere taking of the
appeal from the order granting a new trial and filing
the short transcript in this court did not deprive the
circuit court of its original jurisdiction to make any
and all proper orders to perfect its own record during
that term, and as an incident of that jurisdiction it had
the power to permit the cause to be revived in order to
let the administrator file the bill of exceptions, already
taken, when the administrator had appeared and asked
to be substituted and defendant appeared and consented
to the order of May 4, 1901, all during the same term.

The appeal taken was returnable to the October
term of this court by express statutory provision.

This conclusion is entirely in harmony with the de-
cisions of this court in Ess v. Griffith, 128 Mo. loc. cit.
59, and State ex rel. v. Gates, 143 Mo. 63. Nothing said
in either of these cases contravened the right of the cir-
cuit court to have set aside its order granting a new trial
and thereby avoided both of said appeals.

Those cases only hold that after the circuit court
grants a new trial and the losing party appeals there-

from, until the propriety of its action is settled on appeal, the case itself can not be tried again, in the circuit court, for the reason that if the appellate court sustains the order granting the new trial both parties can then proceed in the second trial without waiving any rights, and if the trial court is reversed the judgment may be entered on the original verdict, and the expense and delay of a new trial averted, but to no other extent is the jurisdiction of the circuit court affected or its power during the term to perfect and amend its own record denied.   [State ex rel. v. Lewis, 71 Mo. 170.]

II.   But as the law never requires an unnecessary thing, the question arises, if the cause of action did not survive to the administrator, why should this court proceed further with this appeal, and retain defendant in court?

The contention of defendant is that the cause of action died with the original plaintiff Crawford, and thereby the action has abated, whereas the position of plaintiff is that the original cause of action for the personal injuries suffered by Crawford became merged in a judgment which survives to his personal representative, and that the action of the circuit court in setting that judgment aside, was not final, but was suspended by the appeal, and if plaintiff is successful, that judgment will be restored to all of its vigor.

We think that plaintiff is right and that the cause did not abate with the death of Crawford, the original plaintiff, as he had obtained his verdict and judgment and appealed from the order setting it aside.   Lewis v. Railroad, 59 Mo. 495, is directly in point.   In that case, Lewis sued to recover damages for loss of a leg. He obtained a verdict and judgment in the circuit court and under the law then existing, defendant appealed to the general term of the circuit court of St. Louis, and the judgment was reversed, and plaintiff appealed to this court, and pending his appeal in this court the plaintiff died, and thereupon his administrator came to this court and asked to be made a party and the defendant resisted on the ground that the suit abated on the death

of Lewis.   On that preliminary question this court said:

"It is insisted that the action died with the person, and as the judgment in his favor was reversed, it was thereby entirely destroyed or annihilated, and nothing was left but a simple right to recover, which would abate at his decease.   Had the reversal been in a court of last resort, where it would have been necessary to have had a new trial on the merits, this effect might have been ascribed to it.   The judgment in that event would not only have been annulled, but all the subsequent proceedings would have been on the original cause of action. But now if the judgment of the intermediate court (the general term) is reversed, the effect is to restore the judgment of the trial court.   [Rankin v. Perry, Adm'r, 5 Mo. 501; Strouse v. Drennan, 41 Mo. 289.]   The operation of the judgment is suspended. but new life and validity may be imparted to it.   Where in a transfer of a suit from the circuit court to the Supreme Court, the plaintiff died after it was removed to the latter court, a motion to abate the suit was denied, and it was revived in the name of the personal representatives. The court said that by the recovery in the life time of the injured party, the claim for damages was merged in the judgment, and became a debt, with which the personal representative was chargeable; that there was a difference between a simple appeal and an appeal in the nature of a writ of error, the latter merely suspended the judgment of the inferior court, but did not annul it.   [Kimbrough v. Mitchell, 1 Head 539.]   The correct doctrine seems to be, that where an appeal is in the nature of a writ of error, and only carries up the case to the court of appeals, as an appellate court for the correction of errors that may have intervened on the trial of the case below, and for its adjudication upon the question whether the judgment appealed from should be affirmed, reversed or modified, and the court has no other than appellate powers, to affirm, reverse or modify, then such appeal does not vacate but merely suspends the operation of the judgment."

The parallel seems to be perfect and the conclusion inevitable if that case is to stand, and as few cases have been so often approved in all its scope and expressly on this point, we see no cause for departing from it, and for the further reason that in our opinion as an original proposition it correctly decides the point now under consideration. [State ex rel. v. Woodson, 128 Mo. loc. cit. 517; Lewis v. McDaniel, 82 Mo. 577.]

If upon a hearing this court should determine that the circuit court erred in granting a new trial, the order of the circuit court to that effect will be reversed and the judgment of plaintiff in that court will be restored in full force and vigor, whereas it is now suspended by the order granting the new trial. [Coatney v. Railroad, 151 Mo. 35.]

Our conclusion is that the motion of the administrator should be sustained. *Burgess, C. J., Sherwood, Robinson, Brace* and *Valliant, JJ.,* concur; *Marshall, J.,* dissents.