[No. 6607. Decided February 18, 1907.]

SARAH MAY WRIGHT *et al., Appellants,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent.*[1]

ABATEMENT AND REVIVAL—DEATH PENDING APPEAL—SUBSTITUTION OF REPRESENTATIVE—JUDGMENT AS PROPERTY—NEW TRIAL. Upon the death of an appellant pending an appeal from an order granting a new trial, after a final judgment in appellant's favor, the action does not abate, and the administrator of the estate of the deceased is entitled to be substituted as party plaintiff to prosecute such appeal; since the cause of action is merged in the judgment, which descends to the estate as property, the order granting a new trial being suspended pending the appeal therefrom.

Motion for leave to substitute an administrator as party plaintiff, upon the death of one of the real parties in interest, pending an appeal from an order of the superior court for Spokane county, Huneke, J., entered August 25, 1906, granting a new trial to the defendant, in an action for the death of a pedestrian struck by defendant's train. Granted.

*Robertson & Rosenhaupt* and *Fred Miller,* for appellants.

*E. J. Cannon,* for respondent.

[1]Reported in 88 Pac. 832.

DUNBAR, J.—This action was brought in the superior court of Spokane county, by Sarah May Wright and Florence Wright, an adopted daughter, by her guardian *ad litem*, to recover damages from the railway company, caused by the alleged negligence of the railway company. It was originally tried in November, 1903, plaintiffs recovering a verdict upon which judgment was entered. Defendant appealed, and the judgment was reversed and a new trial ordered. The case is entitled *Wright v. Northern Pac. R. Co.*, and is found in 38 Wash. 64, 80 Pac. 197. The cause was again tried on the 4th day of June, 1906, and verdict was again rendered for plaintiffs, and judgment entered. On the 23d day of June the motion for a new trial was heard, and an order granting a new trial entered on the 25th day of August, 1906. Plaintiffs served and filed their notice of appeal from this order on the 7th day of September, 1906. Thereafter the plaintiff Sarah May Wright died, and A. H. Gregg was appointed administrator of her estate, and motion was duly made and filed in this court, by the attorneys for plaintiffs, to have the said administrator substituted as one of the plaintiffs in place of said Sarah May Wright, deceased.

Defendant objects to the substitution on the ground that the said plaintiff having died, the action as to her is abated, and that the action cannot be continued for the benefit of the estate and of the personal representatives. This objection, we think, is not tenable. There is still a judgment existing in favor of the estate. It is the judgment which is the subject of the controversy involved in the appeal. The very object of the appeal is to substantiate, by a reversal in the appellate court, the validity of the judgment, and to obtain the benefit of the judgment which had been rendered, and this will be the result if the appeal is successful. It is not as if a judgment had never been obtained. It

is simply held in abeyance, and may or may not become effective to the appellant, that question depending entirely upon the determination of the other question in this court, as to whether the court erred in granting a new trial, thereby depriving the appellant, for the time being, of the benefit of the judgment; and the effect of the appeal is to suspend the operation of the order granting a new trial, and to keep alive the judgment until the appeal is determined. It is not a question of whether a cause of action survives, which is a question largely discussed by the respondent, for the cause of action has merged in the judgment, and the validity of the judgment is the question at issue. Inasmuch as the granting of the new trial did not, and could not, destroy the judgment, because the action of the trial court was not final, the law giving the appellant a right of appeal, the effect of granting the new trial was not the annihilation of the judgment but was simply the suspension of it until the question of its restoration could be determined. Any other view would render ineffectual the right of appeal, and the error of the lower court might be made the basis of the deprivation of a right. The judgment being property of the estate, it becomes the duty of the administrator to guard and protect it as much from illegal orders made by the court concerning it, as from any other danger which might threaten it.

One or two cases are cited by the respondent to sustain its contention, but an examination of them does not satisfy us that they are based on sound principles. For instance, *Stout v. Indianapolis etc. R. Co.*, 41 Ind. 149, was where a judgment was recovered at a special term of the superior court by a plaintiff, for an injury to his person, was reversed at a general term of said court, and remanded to special term for a new trial, and thereafter plaintiff died, and no proceedings were allowed after the death of the plaintiff, the court saying:

"The question arises whether the appeal can be prosecuted by an administrator. We are of opinion that it cannot. The action is not one that survives, but dies with, the person, 'A cause of action arising out of an injury to the person, dies with the person of either party, except in cases' "

which the court proceeds to mention, under the statute; the court then saying:

"The plaintiff below, it is true, recovered a judgment against the defendant at special term, but that judgment was reversed at general term, and the cause remanded for a new trial. If the judgment of reversal thus rendered at general term should be reversed, the original judgment would stand. But as the record stands, the plaintiff below has no judgment, but has an action pending."

The court, it seems to us, confused a cause of action with property which a judgment comprises, and forgot that the cause of action being merged in the judgment, the judgment becomes a higher and superior sort of security, a finality, so far as the cause of action is concerned, and as in this case, so far as the question on appeal is concerned, it does not reach the cause of action at all, but is simply a litigation over the judgment. The overwhelming weight of authority is to the effect that the cause of action is merged in the judgment, and that the judgment is property which descends to the representative of the deceased for the benefit of the estate. There are hundreds of cases which sustain this theory of the law, a few of which are the following: *Crawford v. Chicago etc. R. Co.*, 171 Mo. 68, 66 S. W. 350; *Carr v. Rischer*, 119 N. Y. 117, 23 N. E. 296; *Lewis v. St. Louis etc. R. Co.*, 59 Mo. 495, 21 Am. Rep. 385; *Hart v. Washburn*, 62 Hun 543; *Kimbrough v. Mitchell*, 38 Tenn. 539; *Coughlin v. District of Columbia*, 106 U. S. 7, 1 Sup. Ct. 37, 27 L. Ed. 74; *Strouse v. Drennan*, 41 Mo. 289; Freeman, Judgments, § 217, and cases cited; 1 Cyc. 79, and cases cited; 20 Am. & Eng. Ency. Law (2d ed.), 599, and cases cited.

We think, in accordance with both reason and authority, the substitution should be allowed, and the motion is therefore granted.

HADLEY, C. J., ROOT, CROW, and FULLERTON, JJ., concur.