JAMES W. CASEY, Respondent, v. ST. LOUIS & SAN
FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 18, 1910.

1. RAILROADS: Failure to Fence: Double Damages: Pleading:
Increasing Claim for Damages. In an action against a railroad
company for double damages, for failure to fence, an amend-
ment of the statement swelling the amount of damages claimed
does not change the cause of action, and is properly allowed.

2. JUDGMENTS: Power of Trial Court to Set Aside, After Ap-
peal. The allowance of an appeal does not prevent the trial
court from thereafter, during the same term, setting aside its
judgment and entering a proper one.

Appeal from Wayne Circuit Court.—*Hon. Jos. J. Wil-
liams,* Judge.

AFFIRMED.

*W. F. Evans, W. J. Orr* and *J. H. Orr* for appellant.

(1) The trial court erred in permitting the plain-
tiff to amend his complaint so as to increase the amount
of damages from $50 to $100. Moore v. Dixon, 50 Mo.
424; Friedler v. Shroder, 59 Mo. 366; Poulson v. Col-
lins, 18 Mo. App. 605; Broughton v. Railroad, 25 Mo.
App. 10; Brennan v. McMenamy, 78 Mo. App. 122. (2)
The trial court lost jurisdiction of this cause when it
granted the appeal herein on the — day of August, and
was without authority to set aside the order granting
this appeal as it attempted to do in December thereafter.
2 McQuillin, Missouri Practice, sec. 213; Burgess v.
O'Donahue, 90 Mo. 299; State ex rel. v. Gates, 143 Mo.
63. (3) This suit having been commenced before a
justice of the peace wherein the amount claimed was
$50, the verdict of the jury for $65 is excessive and not
responsive to the pleadings. (4) Even if the trial court
had jurisdiction to double the amount of the verdict

after judgment and after an appeal had been granted to this court, it erred in rendering judgment for $130, the same being $30 in excess of the amount sued for. 2 Mc-Quillin, Missouri Practice, sec. 213; Burgess v. O'Donahue, 90 Mo. App. 299; State ex rel. v. Gates, 143 Mo. 63.

*V. V. Ing* for respondent.

(1) The trial court did not commit error in permitting the amendment of plaintiff's petition by increasing the amount of damages asked, from $50 to $100. The *ad damnum* clause of a petition, even in the circuit court, is no part of the "cause of action." Knight v. Railroad, 120 Mo. App. 311. The *ad damnum* clause of a petition may properly be amended in the circuit court after appeal from a justice of the peace without altering the cause of action tendered by it, which was done in this case. Ver Steeg v. Paint Co., 106 Mo. App. 257; Champ Spring Co. v. Roth Tool Co., 96 Mo. App. 518; Perry v. Railroad, 122 Mo. App. 177. The only limitation on making amendments in the circuit court after appeal from a justice is that the cause of action shall not be changed. Hixon v. Selders, 46 Mo. App. 275; Heman v. Fanning, 33 Mo. App. 50; Brashears v. Strock, 46 Mo. 221; Howe v. Duncan, 50 Mo. 453; Allen v. McMonagle, 77 Mo. 478; Green v. Railroad, 60 Mo. App. 311; Boulware v. Railroad, 79 Mo. 494. (2) Even if the amendment complained of had changed the cause of action, appellant cannot now complain thereof. If defendant thought that the amendment was not allowable, it should have filed a motion to strike it out, and if its motion had been overruled, it should have stood on its motion. By going to trial and making defense without taking the proper steps to have the trial court pass on the propriety of the amendment, it waived all rights thereafter to object to it. Walker v. Railroad, 193 Mo. 453; Bank v. Crump, 116 Mo. App. 371; Meadows v. Railroad, 82 Mo. App. 83; Bender v. Zimmerman, 135 Mo. 53; Hubbard v. Quisen-

berry, 32 Mo. App. 459; Hurley v. Railroad, 57 Mo. App. 675; Williams v. Sanders, 69 Mo. App. 608; Aurora Min. L. Co., 162 Mo. 317. (3) It was the duty of the court to render judgment for double the amount of damages asseessed by the jury. Sec. 1105, R. S. 1899; Wood v. Railroad, 58 Mo. 109; Seaton v. Railroad, 55 Mo. 416; Wages v. Railroad, 110 Mo. 230; Withington v. Hilderbrand, 1 Mo. 280; Brewster v. Link, 28 Mo. 147. (4) The trial court did not lose jurisdiction of the cause until the term had adjourned; the court, therefore, had authority to do all of the things complained of by appellant. A judgment remains in the breast of the court during the entire term at which it is rendered, and may be set aside or vacated at any time during the term, and that, even upon the court's own motion. Crawford v. Railroad, 171 Mo. 68; Harkness v. Jarvis, 182 Mo. 231; Aull v. St. L. Transit Co., 149 Mo. 1; Woodward v. Woodward, 84 Mo. App. 328; Hulbert v. Tredway, 159 Mo. 665.

GOODE, J.—The opinion given on the former appeal of this case will show its merits. [Casey v. Railroad, 116 Mo. App. 235, 91 S. W. 419.] The evidence is not contained in the present record, it being irrelevant to the points made on the appeal, which are technical. The action as originally instituted was for double damages for the destruction of plaintiff's meadow and cornstalk pasturage by cattle which had strayed into his fields in consequence of defendant's omission to fence its right of way. In the original statement plaintiff laid his damages at $50 and asked judgment for twice that amount. After the remand of the case by this court to the circuit court, plaintiff was permitted to amend his statement by laying his damages at one hundred dollars instead of fifty dollars, and praying for twice the former amount. He obtained a verdict for $65, August 6, 1908, and on said verdict, on the same day, judgment was entered for $65;

that is, the sum found by the jury, instead of twice said sum. Timely motions for new trial and in arrest were filed by defendant and overruled, and then on August 21, 1908, during the same term of court, an affidavit for appeal was filed and the appeal allowed and granted to this court. Afterwards, during some day in August not stated, the court adjourned until December 7, 1908, which would be an adjourned term of the August term, and continued over all undisposed of motions and proceedings. On December 8, 1908, that being the second day of the adjourned August term, the court set aside its orders overruling defendant's motions for new trial and in arrest; also set aside the judgment previously entered in the cause and the order allowing an appeal. Thereupon the court, on plaintiff's motion, entered judgment on the verdict for twice the amount of damages returned by the jury, or $130. An exception was saved by defendant to this ruling on the ground the court had lost jurisdiction of the cause by the appeal previously allowed on August 21, 1908. Afterwards the court again overruled defendant's motions for new trial and in arrest and on said December 8th, allowed an appeal in the cause to this court.

Errors are assigned for permitting plaintiff to amend his statement by increasing the damages demanded, and for the setting aside the judgment first entered on the verdict for sixty-five dollars and entering judgment for twice the amount after the appeal had been allowed. The action as originally filed was one for double damages for failure to comply with the statutes and the amendment swelling the amount of damages claimed, did not change the cause of action and was properly allowed. [Elliott v. Abell, 39 Mo. App. 346.]

It has been said in many cases that, when an appeal is allowed from the circuit court to an upper tribunal, the former court loses jurisdiction over the casue; but the extent of this rule was expounded by the Supreme Court in Crawford v. Railroad, 171 Mo. 68, 66 S. W.

350, and shown not to prevent the trial court from setting aside its judgment and entering a proper judgment after granting an appeal, provided the orders are made during the term the first judgment was rendered. This is what the court did in the present case and was within its power.

The judgment is affirmed. All concur.