[No. 28050. Department One. October 6, 1941.]

CLINTON CALKINS, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*, *Appellants.*[1]

[1]Reported in 117 P. (2d) 640.

*The Attorney General* and *Harry L. Parr, T. H. Little, Edward S. Franklin,* and *Roy A. Huse, Assistants,* for appellant Department of Labor and Industries.

*L. B. Donley,* for appellant Wilson Bros. & Co.

*Harry Ellsworth Foster* and *A. D. Gillies,* for respondent.

MAIN, J.—This is an appeal from the judgment of the superior court, setting aside an order of the department of labor and industries refusing to reopen a claim on the ground of aggravation of injuries.

October 11, 1933, Clinton Calkins, while in the employment of the Wilson Bros. & Company, a corporation, sustained an injury, consisting of a comminuted transverse fracture of the upper end of the right humerus. He presented a claim, which was allowed

and thereafter closed on November 5, 1935, with thirty-eight degrees permanent partial disability, and this award was paid. Two or three applications for aggravation were made from time to time, and additional awards were made.

When the last award was made, the department raised the degrees of permanent partial disability to seventy-five, which was seventy-five per cent of what would have been allowed had the arm been amputated at the shoulder.

After the last award was made and the claim closed, the claimant again petitioned that it be opened on the ground of aggravation. This application was granted solely on the ground of aggravation, and an order entered to that effect. After the order opening the claim on the ground of aggravation was entered, testimony was taken, and the joint board entered an order to the effect that there had been no aggravation since the claim was last closed, and that the claimant's condition was fixed. It is from this order that the claimant appealed to the superior court. The superior court set aside the order entered by the department, and from this judgment the Wilson Bros. & Company and the department have appealed.

We will first take up the appeal of Wilson Bros. & Company. On this branch of the case, the contention appears to be that the evidence taken before the joint board decidedly preponderated in favor of the order entered by the joint board.

Upon the trial, two physicians testified for the claimant. Each of them had previously examined him, and testified that, since the claim was last closed, the claimant's condition had become worse, and that the condition was progressive. Each of them said that the claimant would be in a better condition if his arm was amputated.

The testimony offered by the department was in conflict with this. The doctors appear to be in accord that bone grafting would be beneficial. The claimant had, as one of the doctors testified, congenital hemophilia, which means he is a bleeder, and for this reason it was generally thought by the doctors that an operation should not be undertaken.

In support of its contention, the Wilson Bros. & Company says that, in view of the weight of the evidence being against the claimant's evidence, the case should have been taken from the jury and the department's order sustained.

Our attention is called to a provision in Rem. Rev. Stat., § 7697 [P. C. § 3488], which reads:

"If the court shall determine that the department has acted within its power and has correctly construed the law and found the facts, the decision of the department shall be confirmed; otherwise, it shall be reversed or modified. . . . "

Chapter 184, Laws of 1939, p. 579 (Rem. Rev. Stat. (Sup.), § 7697-2 [P. C. § 3488-21]), is as follows:

"Section 1. In all appeals to the superior court from any order, decision or award of the joint board of the Department of Labor and Industries, either party shall be entitled to a trial by jury upon demand. The jury's verdict in every such appeal shall have the same force and effect as in actions at law. In any such appeal the trial shall be de novo and no party to the appeal shall be permitted to introduce evidence in court in addition to that contained in the departmental record."

It will be observed that this latter statute was passed subsequent to the statute above mentioned, upon which the Wilson Bros. & Company relied, and provides that the jury's verdict shall have the same force and effect as in actions at law.

Rem. Rev. Stat., § 7697, provides that, in all court proceedings under this act (the workmen's compen-

sation act), the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same.

In the case of *Alfredson v. Department of Labor & Industries,* 5 Wn. (2d) 648, 105 P. (2d) .37, substantially the same contention was made, as is made by the Wilson Bros. & Company in this case, with reference to the right of this court to review the verdict of the jury and judgment of the superior court, where the evidence is claimed to greatly preponderate against the finding of the jury. In that case, it was held that the presumption of the correctness of the joint board's findings is for the consideration of the jury, under proper instructions; that the court may pass upon the sufficiency of the evidence to take the case to the jury; and that, if the evidence introduced at the hearing before the joint board offers room for a difference of opinion in the minds of reasonable men, then the case must be presented to the jury. Referring to the section of the statute which is called to our attention here, it was there said:

"That, however, is not the function of the court. The presumption of the correctness of the joint board's findings is for the consideration of the jury under proper instructions. The court, of course, may pass upon the sufficiency of the evidence to take the case to the jury. If the evidence introduced at the hearing before the joint board offers room for a difference of opinion in the minds of reasonable men, then the case must be presented to the jury."

In the case of *Darling v. Department of Labor & Industries,* 6 Wn. (2d) 651, 108 P. (2d) 1034, referring to chapter 184 of the Laws of 1939, p. 579, it was held that, if there is any substantial evidence to support the verdict of the jury, it must stand. It was there said:

"Such a verdict must stand if there is any substantial evidence, as distinguished from a mere scintilla of evidence, to support it."

The case of *McLaren v. Department of Labor & Industries,* 6 Wn. (2d) 164, 107 P. (2d) 230, and *Nelson v. Department of Labor & Industries,* 9 Wn. (2d) 621, 115 P. (2d) 1014, are to the same effect.

As already indicated, there was unquestionably substantial evidence in this case to support the verdict of the jury.

Upon the department's appeal, two principal contentions are made. One is that, upon the trial, the court permitted evidence to be read from the record to the jury which was proper if the case was being heard on the merits, but was improper because, in this case, the department opened the claim solely on the ground of aggravation; the other, that the court gave certain instructions which would only have been proper if the case was being tried upon the merits. We find no prejudicial error in either of these respects. It was necessary, in order that the jury might understand the question presented to them, to give them more or less of the facts which would constitute a background.

With reference to the instructions, it will be admitted that the court stated certain general rules of law to the jury which may not have been necessary. The only issue submitted to the jury in the instructions, and it was definite and clear, was whether the claimant's condition had become worse since his claim was last closed. It has a number of times been held by this court that the statement, in the instructions to the jury, of general principles which are not supported by the evidence is not prejudicial, unless an issue is submitted to the jury upon which there is no evidence. *Gabrielsen v. Seattle,* 150 Wash. 157, 272 Pac. 723,

63 A. L. R. 200; *Tenneson v. Kadiak Fisheries Co.,* 164 Wash. 380, 2 P. (2d) 745.

The court submitted three special interrogatories to the jury, and complaint is made of two of these, the second and third. The first interrogatory asked the jury to find whether the claimant's condition had become worse and aggravated since the claim was last closed, and the jury answered in the affirmative. After the jury had answered the first interrogatory as they did, the second and third became wholly immaterial.

We find no prejudicial error either with reference to the admission of the evidence or to the instructions.

■■ We now take up another phase of the case. After the judgment was entered and while the appeal was pending, the claimant died, and one William Calkins was appointed administrator of his estate. The administrator thereupon sought to be substituted as a party to the action. This was resisted, but an order was made by the court directing the substitution.

Wilson Bros. & Company call our attention to Rem. Rev. Stat., § 7684 [P. C. § 3478], which provides that:

"No money paid or payable under this act out of the accident fund shall, prior to the issuance and delivery of the warrant therefor, be capable of being assigned, charged, nor ever be taken in execution or attached or garnished, nor shall the same pass, or be paid, to any other person by operation of law, or by any form of voluntary assignment, or power of attorney. . . . "

Following this is a proviso that, if the claimant has been awarded compensation for injury prior to his death, but no warrant has been issued and delivered therefor, and if he leaves a widow or children, they may collect the award. The claimant in the present case left neither a widow nor any children. For this reason, it is argued that, upon the death of the claimant, the action abated. It must be remembered, how-

ever, that, that, at the time of the death of the claimant, a judgment had been entered. This court has held that a judgment is property which descends to the representative of the deceased for the benefit of his estate.

In the case of *Wright v. Northern Pac. R. Co.*, 45 Wash. 432, 88 Pac. 832, the action was one for personal injuries, and one which would abate by the death of the plaintiff prior to the entry of a judgment. In that case, after the judgment was entered, the plaintiff died. An administrator was appointed for her estate. Referring to the case of *Stout v. Indianapolis etc. R. Co.*, 41 Ind. 149, it was there said:

"The court, it seems to us, confused a cause of action with property which a judgment comprises, and forgot that the cause of action being merged in the judgment, the judgment becomes a higher and superior sort of security, a finality, so far as the cause of action is concerned, and as in this case, so far as the question on appeal is concerned, it does not reach the cause of action at all, but is simply a litigation over the judgment. The overwhelming weight of authority is to the effect that the cause of action is merged in the judgment, and that the judgment is property which descends to the representative of the deceased for the benefit of the estate. There are hundreds of cases which sustain this theory of the law, a few of which are the following: *Crawford v. Chicago etc. R. Co.*, 171 Mo. 68, 66 S. W. 350; *Carr v. Rischer*, 119 N. Y. 117, 23 N. E. 296; *Lewis v. St. Louis etc. R. Co.*, 59 Mo. 495, 21 Am. Rep. 385; *Hart v. Washburn*, 62 Hun 543; *Kimbrough v. Mitchell*, 38 Tenn. 539; *Coughlin v. District of Columbia*, 106 U. S. 7, 1 Sup. Ct. 37, 27 L. Ed. 74; *Strouse v. Drennan*, 41 Mo. 289; Freeman, Judgments, § 217, and cases cited; 1 Cyc. 79, and cases cited; 20 Am. & Eng. Ency. Law (2d ed.), 599, and cases cited."

In the case of *Gordon v. Hillman*, 102 Wash. 411, 173 Pac. 22, it was held that, after a cause of action had been merged into a judgment, it would not abate.

It was there said: "Having merged into judgment, the cause of action could not abate upon the death of either of the plaintiffs."

It is true that the judgment in neither of those cases was based upon a claim under the workmen's compensation act. We see no reason why the judgment in this case should not be controlled by the cases just cited. The statute above referred to (Rem. Rev. Stat., § 7684) does not mention judgments, and does not purport to apply to them.

Cases which hold that a workman's compensation claim abates prior to judgment, if the claimant leaves no widow or children, as we view it, have no application here.

On this branch of the case, the state calls our attention to cases holding that the common-law right of action for damages accruing from an injury received by a workman in the course of his employment is abolished, except as provided otherwise in the workmen's compensation act. We do not see the applicability of these cases because, as already stated, the present action is now based upon a judgment, and not upon a claim for compensation which has been allowed, but no warrant issued and delivered, prior to the death of the claimant.

The superior court properly permitted the substitution.

The judgment will be affirmed.

ROBINSON, C. J., MILLARD, STEINERT, and DRIVER, JJ., concur.