[No. 23731. Department Two. August 22, 1932.]

EDWIN B. FULLER, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*F. M. O'Leary,* for respondent.

BEALS, J.—The plaintiff, Edwin B. Fuller, a workman within the provisions of the workmen's compensation act, sustained an injury during the course of

[1]Reported in 13 P. (2d). 903.

his employment, October 10, 1928. His claim for compensation was allowed, and he received from the department of labor and industries certain payments until November 4, 1929, when his claim was closed and he was paid a lump sum as an award for permanent partial disability.

June 3, 1931, plaintiff applied for the reopening of his claim on the ground of aggravation of his injury, pursuant to Rem. 1927 Sup., § 7679, paragraph (h). After investigation by the department, plaintiff's claim was allowed, and he was reclassified as permanently totally disabled as of the date of the filing of his application for the reopening of his case.

In his application of June 3, 1931, plaintiff asked for an award of compensation upon the basis of total disability from the date of the closing of his first claim. In so far as this portion of plaintiff's application was concerned, the same was denied by the joint board, which order plaintiff brought before the superior court for review. The superior court, after a hearing, awarded plaintiff monthly compensation from June 3, 1930, to June 3, 1931 (less a period of eight weeks), from which judgment defendant appeals.

Appellant contends that the law affords no basis for the allowance of compensation, in a case which has been closed, for any period prior to the filing of the application for the reopening of the claim.

Laws of 1911, chapter 74, p. 345 (Rem. Comp. Stat., § 7673 *et seq.*), an act "relating to compensation of injured workmen," introduced into our statute law the principle of uniform compensation for workmen injured in industry, and created an industrial insurance department for the administration of the law. Section 5 of this act, entitled "Schedule of Awards,"

provided that each injured workman coming within the purview of the act, or his family or dependents in case of his death, should "receive out of the accident fund compensation in accordance with the following schedule," the "compensation schedule" being set out in detail, paragraph (h) thereof reading as follows:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the department may, upon the application of the beneficiary or upon its own motion, readjust for future application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment." Rem. Comp. Stat., § 7679, par. (h).

This paragraph was reenacted as part of chapter 136, Laws of 1923, p. 397, and, by chapter 310, Laws of 1927, p. 844, was amended to read as follows:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director of labor and industries, through and by means of the division of industrial insurance, may, upon the application of the beneficiary, made within three years after the establishment or termination of such compensation, or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: Provided, any such applicant whose compensation has heretofore been established or terminated shall have three years from the taking effect of this act within which to apply for such readjustment." Rem. 1927 Sup., § 7679, par. (h).

This paragraph was reenacted as part of chapter 132, Laws of 1929, p. 338, and will be hereinafter referred to as Rem. 1927 Sup., § 7679, paragraph (h).

Section 12 of chapter 74, Laws of 1911, p. 364, the workmen's compensation act above referred to, was entitled "Filing Claim for Compensation," paragraph (c) thereof reading as follows:

"If change of circumstances warrant an increase or rearrangement of compensation, like application shall be made therefor. No increase or rearrangement shall be operative for any period prior to application therefor." Rem. Comp. Stat., § 7686, par. (c).

The manner of applying for benefits under the act was set forth in paragraphs (a) and (b), of § 12, immediately preceding paragraph (c), which in turn was followed by paragraph (d), providing that applications should be filed within one year "after the day upon which the injury occurred or the right thereto accrued." Paragraph (c) was reenacted as part of § 6, chapter 310, Laws of 1927, p. 847 (Rem. 1927 Sup., § 7686).

Appellant relies upon the last quoted section of the act (Rem. 1927 Sup., § 7686, par. (c)), while respondent contends that this section applies only to an application by the workman for an increase of compensation which he is receiving at the time the application is filed, and that this section does not control such a case as this, in which the workman's claim for compensation was terminated by the department and an application thereafter filed for reopening of the claim upon the ground of aggravation.

In determining the question here presented, it is important to note that Rem. 1927 Sup., § 7679, paragraph (h), is a part of the "compensation schedule" contained in the section entitled "Schedule of Awards," as set forth in the original act of 1911, while Rem. 1927 Sup., § 7686, paragraph (c), is a part of § 12 of the original act entitled "Filing Claim for

Compensation.'' These distinctions were noted by this court in its opinion in the case of *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156 (pp. 172-3), 117 Pac. 1101, 37 L. R. A. (N. S.) 466, in which case the question of the constitutionality of chapter 74, Laws of 1911, p. 345, was presented to this court for consideration.

By the amendment of 1927, there was added to paragraph (h), as contained in § 5, the schedule of awards of the original act of 1911, *supra,* a provision that the application for increase of compensation upon the ground of aggravation must be made within three years ''after the establishment or termination of such compensation,'' thereby introducing a new condition precedent into the compensation schedule.

The question here presented is one of first impression in this state, and no authorities which aid us in deciding the same have been called to our attention. The fact that, by the amendment of 1927, the element of limitation, in so far as the time within which a claim for increased compensation because of aggravation might be filed, was introduced into the schedule of awards, does not change the basic principle that the matter of the filing of claims under the act is primarily governed by that portion thereof following the title ''Filing Claim for Compensation.'' The applicable section under this heading, Rem. 1927 Sup., § 7686, paragraph (c), *supra,* directly provides that no allowance for any increase of compensation ''shall be operative for any period prior to application therefor.''

Certainly, there is no distinction in reason between the situation presented by an application for increase of compensation which is being paid and one for the reopening of a closed claim and the allowance of further compensation on the ground of aggravation.

Both or neither should be retroactive. In each case, the presentation of the matter to the department rests entirely within the control of the injured workman, who, it must be assumed, knows and understands his condition and whether or not he is entitled to receive further benefits under the act. It may reasonably be supposed that persons entitled to payments under the statute will promptly present their claims to the department for consideration.

Careful consideration of the question here presented satisfies us that Rem. 1927 Sup., § 7686, paragraph (c), controls the situation here presented, and that the superior court erred in granting respondent compensation for any period prior to the filing of his application of June 3, 1931.

The judgment of the superior court is accordingly reversed, with instructions to deny respondent's claim for compensation for any period prior to the filing of his application for the reopening of the claim.

TOLMAN, C. J., MAIN, MILLARD, and HOLCOMB, JJ., concur.