[No. 24263. Department One. June 3, 1933.]

PETER BRYANT, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 22 P. (2d) 667.

*The Attorney General, Harry Ellsworth Foster,* and *Chas. O. Flint,* for appellant.

*F. W. Loomis,* for respondent.

HOLCOMB, J.—On November 25, 1927, respondent, while engaged in extrahazardous industry, received an injury. On December 8, 1927, his claim was filed with the department of labor and industries, and he was thereafter paid compensation for time loss for four months at twelve degrees of permanent partial disablity, or $360, together with time loss to April 2, 1928, and his claim closed as of April 3, 1928. Thereafter, Dr. Goodnow, chief medical examiner of the department, advised the department of a further disability to the shoulder of claimant, upon which the claim was reopened and further time loss paid to January 13, 1929, and an additional two degrees, or $60, of permanent partial disability, and the claim again closed as of January 4, 1929.

Having been examined by Dr. Goodnow, upon his report on October 4, 1929, claimant was paid additional time loss of four months up to May 14, 1929, and one degree of additional permanent partial disability, making a total permanent partial disability award of fifteen degrees, although Dr. Goodnow expressed some doubt as to the honesty of the claim for disability. It was again closed by order of October 24, 1929, and on November 12, 1929, upon the estimate of twenty per cent loss to the left arm made by Drs. Watkins and Smith, claimant was again awarded an additional four degrees of permanent partial disability. On December 26, 1930, Dr. Goodnow again examined claimant and allowed an additional four degrees of permanent partial disability for injury to his back and time loss was paid for two more months, December, 1930, and to January 20, 1931.

On January 23, 1931, Dr. Miller reported to the department in favor of the allowance of four additional degrees, noting for the second time an arthritic condition of the spine. Thereupon, the department referred claimant to a commission of physicians for examination, by whom he was examined January 29, 1931, which commission estimated his permanent partial disability at twenty-four degrees. Having theretofore been paid a total for nineteen degrees of permanent partial disability, he was then paid an additional five degrees, or $150, and his awards closed as of February 26, 1931, with additional time loss to January 29, 1931. A petition for a rehearing was thereupon made by claimant, which was granted, but continued on the application of his attorney. While the petition for rehearing was never abandoned, it does not appear to have been either diligently prosecuted by claimant's then attorney or disposed of by the board.

On July 31, 1931, another examination was made by a commission of three doctors, appointed by the board, who reported and recommended that claimant had already received adequate compensation for any disability resulting from his injury. They found that there was an arthritic condition of the spine, but not caused by the injury. On October 19, 1931, claimant filed a verified application for a rehearing before the joint board after he had employed his present counsel. On October 20, 1931, the hearing by the joint board was held in Hoquiam, at which time claimant, his two doctors, and four lay witnesses testified fully. On December 17, 1931, claimant was again examined for the department by three doctors other than those who had conducted the examination on July 31, 1931. The original report made by this last commission of doctors is not relied upon by appellant, inasmuch as it was made after the joint board hearing, and those doctors

were not called as witnesses at that hearing, or in the hearing in the superior court.

On January 11, 1932, the department refused to make any additional permanent partial disability award or time loss award, but offered amputation of an injured finger of claimant if it was desired by him. Thereupon, appeal was taken to the superior court, which reversed the joint board order and allowed additional awards at forty per cent permanent partial disability. From that judgment, this appeal is taken.

The only assignments of error are that the trial court erred in making findings of fact numbered 2, 4, and 5, and conclusion of law No. 1, and in rendering judgment reversing the final order of the joint board.

Findings 2, 4, and 5, read:

"His back injuries either caused spinal arthritis or aggravated and made manifest to a very marked degree dormant spinal arthritis."

"In the opinion of this court, he is entitled to sixteen (16) degrees greater allowance than he has already been allowed on account of his spinal arthritis caused or aggravated by his accident and the disabilities resulting therefrom. This does not affect the ruling of the department with reference to the removal of his left middle finger, or to any additional compensation to which he may be entitled as a consequence thereof."

"From May 25th, 1930 to November 20th, 1930, at or about which time he was hospitalized on account of his back injury, appellant, as a result of his injuries, was unable to engage in any gainful occupation, although he tried for about one week to work in the yard of a lumber manufacturing company, but was unable to carry on. From November 20th, 1930, to the final discharge of his claim by the department on or about February 21st, 1931, he was allowed time loss from November 20th, 1930 to January 29th, 1931, inclusive, and should receive approximately six (6) months additional time loss at $70 per month."

244

The conclusion of law reads:

"The above entitled appellant is entitled to a judgment against the above entitled respondent embodying the following allowances in addition to any already made him and/or any allowance to which he may be entitled on account of the ruling of the department with reference to the removal of his left middle finger or to any additional compensation that he may be entitled to on account thereof, to-wit: four hundred eighty ($480) dollars disability due to arthritis caused or aggravated by his injury; four hundred twenty ($420) dollars additional time loss; and two hundred ($200) dollars attorney fees and costs to be taxed at $12."

Appellant states in its brief there is but one question sought to be presented by appellant on this appeal; and that is whether or not the evidence in the record and files sustains the findings complained of.

All the files and proceedings of the department and the joint board were before the able and experienced trial judge, and are also here.

Although it appears that six physicians at different times found that appellant suffered from arthritis in his lower spine, that arthritis was not due to the injury, three other physicians examined claimant and reported that there was a fracture of the spinous process in the lower part of the spine, and that there was a well developed condition of arthritis in that locality. Two other physicians testified at the trial before the joint board, who also said that the arthritic condition in the lower spine, appellant never having suffered such pains prior to his injury, was due to the injury. One of them also testified that the stiffness of the middle finger, which had always been admitted to be due to the injury, was not feigned. The three physicians who had previously been employed by claimant and reported that he was suffering from an arthritic

condition in the lower spine, also examined his shoulder, which the department had long admitted was injured, all of which incapacitated him to the extent of seventy-five per cent. The two physicians who testified as experts at the joint board hearing considered that his permanent partial disability amounted to about eighty per cent. The trial court, after having examined all that testimony, found permanent partial disability to the extent of forty per cent.

Appellant contends that the testimony of one of the experts for respondent, who testified at the joint board hearing, was neutralized when he admitted on cross-examination that the cause of the arthritis was all a matter of conjecture or speculation. It is true that doctor gave an amiable answer of assent to a question by the cross-examiner for the department that it was all a matter of conjecture or speculation, but afterwards stated on re-direct that all opinions of medical experts were matters of conjecture or speculation; but that, when the arthritic condition was strictly local and not general in the bony joints of the body, he did not consider it caused by focal infection, but that his personal opinion was that it was due to the injury.

The accepted facts, as presented to the joint board by the files in the cause and to the trial court, are that, on the day he was injured, respondent was working in a mill piling lumber when a piece 8x8 and 22 feet long came along. He could not hold the lumber and fell, whereupon another piece hit him on the left shoulder and left hand. He claims to have been almost continuously disabled since that time and unable to carry on any gainful occupation. He set forth the following complaints as the cause of his disability, namely: Pain over the seventh cervical vertebra. Pain over the left acronium process when attempting to use the left

arm. Pain in the left second and third fingers when he tried to use his hand. He further complains of dizziness, which is aggravated by recumbence, and claims his nights are spent either in a rocking chair or lying in bed with many pillows under his shoulders and head. He complains also of some vague stomach disorder.

The first commission of doctors who examined him on January 29, 1931, found that he was considerably under weight for his height, and appears to be much older than fifty-one years, which he gave as his age. He was about forty-seven years of age when injured.

■ The trial in the superior court was a trial *de novo,* and that court had power to determine whether the department acted within its powers and correctly construed the law and found the facts, and to reverse the department and order it to proceed in accordance with the findings of the court. *Johnston v. Department of Labor and Industries,* 163 Wash. 549, 2 P. (2d) 67.

It was also warranted in accepting the evidence of a few expert witnesses as to the cause and degree of disability as against several. *Kostida v. Department of Labor and Industries,* 139 Wash. 629, 247 Pac. 1014. Cf. *Nelson v. Industrial Insurance Department,* 104 Wash. 204, 176 Pac. 15; *Clark v. Department of Labor and Industries,* 131 Wash. 256, 230 Pac. 133.

*Frich v. Department of Labor and Industries,* 169 Wash. 282, 13 P. (2d) 67, relied upon by appellant, involved a case where the claimant had a pre-existing disease, was injured in extrahazardous labor, made a claim for workman's compensation, and

". . . there was no evidence taken before the joint board or before the court refuting the medical testimony or segregating the disability caused by the injury from that caused by the disease."

Hence, we held that there was no basis for disturbing the findings of the joint board, as "the burden of proof shall be upon the party attacking the same." The situation differs here, and that case is inapt.

The recent case of *Boyer v. Department of Labor and Industries,* 160 Wash. 557, 295 Pac. 737, and of *Anton v. Chicago, Milwaukee & St. Paul Railway Co.,* 92 Wash. 305, 159 Pac. 115, were upon entirely different facts and circumstances. In neither of those cases was there anything supporting any recovery arising above mere conjecture and speculation. Hence, as to findings 2 and 5, they will not be disturbed.

It is to be noted in this connection that the court also found as a fact in finding 3 that, as a consequence of his injury, respondent is permanently partially disabled.

In finding 5 it is found that, from May 25, 1930, to November 20, 1930, at or about which time respondent was hospitalized on account of his back injury, he was unable to engage in any gainful occupation, although he tried for about one week to work in the yard of a lumber manufacturing company. This is especially attacked by appellant. It is contended that this finding is directly in conflict with our decision in *Fuller v. Department of Labor and Industries,* 169 Wash. 362, 13 P. (2d) 903, in which the statute and cases construing it were cited and approved.

That case differs from this, in that, there, claimant had received certain payments until November 4, 1929, when his claim was closed and he was paid a lump sum as an award for permanent partial disability. On June 3, 1931, claimant applied for the reopening of his claim on the ground of aggravation of his injury, pursuant to Rem. Rev. Stat., § 7679, paragraph (h). After investigation by the department, the claim was allowed, and he was reclassified as permanently

totally disabled as of the date of the filing of his application for the reopening of his case. In his application of June 3, 1931, claimant asked for an award of compensation upon the basis of total disability from the date of the closing of his first claim. This portion of his application was denied by the joint board, which claimant brought before the superior court for a review. The superior court, after a hearing, awarded monthly compensation to claimant from June 3, 1930, to June 31, 1931, less a period of eight weeks.

It was held in that case that the applicable provision in the section controlling was that no allowance for any increase of compensation shall be operative for any period prior to application therefor. We held that, under the applicable portion of the statute, the lower court erred in granting claimant compensation for any period prior to the filing of his application of June 3, 1931. That part of the statute and of the decision in the cited case is not applicable here.

In this case, claimant had always been contending for compensation to the extent of seventy-five or eighty per cent. His claim was finally denied by the department, as found by the trial court, on or about February 21, 1931. Even then, he was allowed time loss from November 10, 1930, to January 29, 1931, inclusive. The trial court simply enlarged the degree of permanent partial disability which had been allowed by the department.

Respondent's contention has always been that the arthritic condition in his lower spine was due to the injury to his back. He has always contended that it disabled him to the extent of seventy-five or eighty per cent. The department has always contended to the contrary, but did allow permanent partial disability to the extent of twenty-four per cent on November 20, 1930.

Upon an examination of the entire record and all the decisions by this court applicable here, we consider the findings, conclusion and judgment of the trial court correct.

Affirmed.

MILLARD, MITCHELL, BLAKE, and MAIN, JJ., concur.

