[No. 25067. Department One. July 23, 1934.]

IDA BEELS, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*John C. Richards,* for respondent.

MILLARD, J.—Walter Beels, a deputy sheriff of Clallam county, died January 14, 1933, as the result

[1]Reported in 34 P. (2d) 917.

of an injury sustained by him December 31, 1931, in the course of his employment as a county peace officer. No application was ever made to the department of labor and industries by or on behalf of Beels for compensation under the workmen's compensation act. No report, other than that filed by the widow, of the accident was made to the department.

On or about March 1, 1933, which was less than two months subsequent to the date of Beels' death, and more than one year after the date upon which the injury occurred, the widow of the injured workman made application to the department (on a form supplied by it for reports of accidents) for compensation. That claim, so far as material, reads as follows:

"Report of Accident

"Firm or Employer's Name    Sheriff E. O. Norton.

"Address    Port Angeles, Wash., Clallam County.

"Name of Injured Workman    Walter Beels.

"How long engaged in present occupation    Started work June 1, 1931, passed away Jan. 14, 1933.

"Place of birth    Jessup, Iowa. Age    48    Wage per day    $150 month time of accident.

"Date accident occurred    Dec. 31, 1931.

"Give date you quit work on account of accident Went to hospital Dec. 29, 1932.

"Describe the accident in full:    Injured Dec. 31, 1931. 9 miles east of Port Angeles, getting a still out. Located in deep canyon. Injured taking still out. Spit blood till death.    .    .    .

"Give name of attending physician    Dr. W. M. Davidson.

"Give full name and address of your wife or husband Mrs. Ida Beels (wife)    Everett, Wash., Beverly Park.    .    .    .

"Name your children under 16 supported by you. [No children listed.]

"Signed this 27th day of February, 1933, at Everett, Washington.

"Workman making claim sign full name here    Mrs. Ida Beels, wife of Walter Beels.    .    .    .

"Employer must complete this report by filling in and signing employer's section below. Then mail report to Department of Labor and Industries, Olympia, Washington.

"Name of Employer   Clallam County.   . . .

"Location of plant or place of work where accident occurred   Nine miles east Port Angeles in deep canyon.

"Business of employer   Sheriff Dept.

"Give Industrial Insurance class for this claim   Deputy Sheriff.   . . .

"Name of Injured Workman   Walter Beels.   . . .

"Date of accident   Dec. 31, 1931.   Date quit work Dec. 29, 1932.

"Date returned to work   Died.   Was workman engaged in the regular course of his employment when injured?   Yes.   Occupation of workman Deputy Sheriff.   . . .

"Report how accident occurred   Strain from fall, while climbing hill out of deep canyon after dismantling Moonshine Whiskey still.

"Signed this day of Feb. 27, 1933.

"E. O. NORTON,
"Sheriff Clallam County.

. . . . . . . . .

"Describe in full the parts injured   . . .   Myocarditis, Endocarditis, Eurysm.

"Is present disability result of above injury   Yes.

"Give treatment used   Rest in bed,   digitalization.

"Name and address of hospital to which patient was taken   Davidson & Hay Hospital.

"Estimate duration of disability   Deceased Jan. 15/33.

. . .

Signed W. M. DAVIDSON, M. D.
Attending Physician.
Port Angeles, Wn."
Date   Feb. 21/33."

An investigation of the claim by the department resulted in the entry of an order March 21, 1933, by the supervisor of the department that the claim "has been unfavorably suspended for the reason that a claim was

not filed within one year from the date of the alleged injury." On April 21, 1933, the claimant applied for rehearing before the joint board of the department

". . . for the following reasons, to-wit:

"1. That said decision is unjust and unlawful.

"2. That said Ida·Beels, the widow of said Walter Beels, and the beneficiary of said Walter Beels, filed her claim under the statute within one year after the death of said Walter Beels, deceased, when her said claim accrued."

On April 24, 1933, three days after receipt of claimant's application for rehearing, the joint board entered an order reversing the action of the supervisor but rejecting the claim "upon the grounds that the same is unauthorized by law." That order, which reads as follows, recited that the joint board found that the "Report of Accident" filed by Mrs. Beels "constituted a claim by said widow":

"The above claim coming before the Joint Board in Executive Session this date following careful review of all records containing all the proofs on file together with transcript of testimony as taken at hearing on None.

"It was found that: This matter comes before the Joint Board upon the application of the claimant to review the order of the Supervisor, unfavorably suspending the claim of Mrs. Ida Beels, widow of deceased workman, Walter Beels, upon the grounds that the same was not filed within one year from the date of alleged injury.

"That a review of the claim file reveals that on February 27, 1933, a claim was filed by Mrs. Ida Beels upon workman's report of accident form, reciting that on December 31, 1931, her husband had been injured while a deputy sheriff and that he went to the hospital on December 29, 1932, and died January 14, 1933; that the employer, the Clallam County certified the claimant strained himself on December 31, 1931; that no claim was filed by deceased, Walter Beels, within one year following the injury of December 31, 1931, or at any

time prior to his death; that by reason thereof the statute of limitations has operated against the right of the deceased workman to file a claim and his surviving widow, Mrs. Ida Beels, has no right to file a claim for compensation because of the death of her husband as aforesaid;

"That the workman's report of accident as filed by the widow on February 27, 1933, constitutes a claim by said widow. And therefore ordered that the action of the Supervisor in unfavorably suspending said claim be reversed for the reason that claim was filed by said widow but that said claim for compensation by the widow be rejected upon the grounds that the same is unauthorized by law."

That is to say, the joint board reversed the order of the supervisor suspending the claim of the widow "upon the grounds that the same was not filed within one year from the date of alleged injury." The joint board found that the workman's report of accident as filed by the widow "constitutes a claim by said widow," but that, by reason of the failure of the deceased to file his claim within one year following the date of his injury, "or at any time prior to his death," the widow of the deceased "has no right to file a claim for compensation because of the death of her husband."

Trial in the superior court, on claimant's appeal thereto from the above quoted order, resulted in judgment awarding to the claimant the compensation to which she, as widow of the workman, is entitled under Rem. Rev. Stat., § 7679.

Counsel for the department argue that, as the claim filed by the respondent was made on a form used only by workmen seeking payment for time loss or disability compensation, and as proof of death and proof of relationship were not filed with the claim as the statute requires, and as "nowhere is there any claim made for the specific amounts that accompany a pen-

sion," it appears, from all the record in this case discloses, that the department considered the widow's claim as one for time loss between the dates of injury and death and not as a claim for a pension. It is insisted that, viewed in the light of a claim for time loss, the department was correct in rejecting it, for the reason that it was not filed within one year after the date of the injury, as provided by Rem. Rev. Stat., § 7686.

Counsel for appellant state that, having been advised since the entry of the judgment in this cause that the respondent's claim was filed for the purpose of obtaining a pension, they have abandoned the position that the claim was for time loss. It is contended, however, that, as the claim was not accompanied, as the statute requires, by proof of death, proof that the claimant was the deceased's widow, and certificate of the attending physician, the judgment should be reversed and the cause remanded to the department to ascertain relationship of the respondent to the deceased and to determine whether the injury received by Beels was the direct cause of his death.

█ The work performed by the deceased deputy sheriff is classified as extrahazardous, and such officers are afforded all the benefits of the workmen's compensation act. Rem. Rev. Stat., § 7674a. If any accident occur to any workman within the protection of the act, it is his duty to report such accident to his employer. Upon the employer is imposed the duty of reporting such accident and the injury resulting therefrom to the department of labor and industries. Rem. Rev. Stat., § 7689. Where a workman is entitled to compensation under the act,

"He shall file with the department, his application for such, together with the certificate of the physician

who attended him . . ." Rem. Rev. Stat., § 7686(a).

Where death results from injury, the parties entitled to compensation under Rem. Rev. Stat., § 7679, (the respondent in the case at bar) shall make application to the department for the same,

" . . . which application must be accompanied with proof of death and proof of relationship showing the parties to be entitled to compensation under this act, certificates of attending physician, if any, and such proof as required by the rules of the department." Rem. Rev. Stat., § 7686(b).

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued." Rem. Rev. Stat., § 7686(d).

Under Rem. Rev. Stat., §§ 7679 and 7686, by authority of which respondent's claim, as deceased's widow, for compensation was made, the widow could not be deemed, during her husband's life, a party in interest to any proceeding by him for enforcement of any claim for compensation. Her rights accrued the instant her husband died. Her application for compensation was filed within one year after the day upon which her rights accrued, hence the claim was timely filed. Her husband's failure to make application for compensation within one year after the day upon which the injury occurred did not beneficially or detrimentally affect her claim, which was based on a new, original right arising from his death. *Curtis v. Slater Construction Co.*, 202 Mich. 673, 168 N. W. 958.

█ The application for compensation filed by the respondent apprised the department that the claimant was the widow of a deputy sheriff who died as the result of an injury sustained in the course of his employment. Incorporated in the application was the

employer's report, which also informed the department fully as to the injury suffered by Beels. That report also advised the department that the injury which caused the death of Beels was sustained while the workman was engaged in the regular course of his employment. The report required of the attending physician also formed a part of the respondent's written application for compensation, and detailed the nature of Beels' disability, the cause thereof, the treatment used, date of death, etc.

The claim was made within the time limited by the statute. The claim fairly gave to the department such information as the law intends. Such a showing is sufficient, in the absence of requirement by the department of further proof.

On hearing before the joint board, it was found that the application as filed by the respondent "constitutes a claim by said widow." The department accepted as true the certificate of the physician as to the disability and death of the workman, the statement of the widow as to her relationship showing she was entitled to compensation, and the statement of the deceased's employer as to the injury of the workman while engaged in the regular course of his employment, but found that, as no claim was filed by Beels within one year following the injury, or at any time prior to his death,

". . . the statute of limitations had operated against the right of the deceased workman to file a claim and his surviving widow, Mrs. Ida Beels, has no right to file a claim for compensation because of the death of her husband . . . and therefore ordered . . . that said claim for compensation by the widow be rejected upon the grounds that the same is unauthorized by law."

That constituted a hearing by the joint board, and was a determination of the legal sufficiency of the facts

stated or alleged in the respondent's application for compensation. To hold otherwise would permit and encourage trial of these cases piecemeal, which would not accord with the spirit and purpose of the entire act.

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, and STEINERT, JJ., concur.