[No. 25547. Department One. September 5, 1935.]

ARTHUR E. HALL, *Respondent and Cross-appellant,* v.
THE DEPARTMENT OF LABOR AND INDUSTRIES,
*Appellant.*[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*F. W. Loomis* and *A. Emerson Cross,* for respondent and cross-appellant.

MAIN, J.—This is an appeal by the department of labor and industries from a judgment of the superior court increasing the allowance to an injured workman for permanent partial disability over that which had been allowed by the joint board. The claimant cross-appealed, seeking additional time loss to that which he had previously received.

December 13, 1929, Arthur E. Hall, while employed by the Twin Harbor Stevedore Company at Aberdeen, sustained an injury to his right knee. Thereafter, the department of labor and industries allowed the time loss until June 26, 1930, when the claim was closed.

[1]Reported in 48 P. (2d) 923.

Later, the claim was reopened and time loss again allowed until the claim was closed again May 2, 1931. Subsequent to this and on or about March 15, 1933, the claim was again reopened, and the question at issue was the extent of the permanent partial disability. In course of time, a hearing was had and evidence taken, with the result that the department fixed the extent of the permanent partial disability at six degrees and provided for payment accordingly. From this order of the joint board, the claimant appealed to the superior court, where the case was heard upon the record made in the department. The trial court found that, as a consequence of the injury, the workman had sustained a permanent partial disability amounting to forty-two degrees.

The department's appeal, as stated in its brief, "is based primarily on a question of fact," and that was the extent, as already indicated, of the permanent partial disability. This question turns largely on the medical testimony, which, as is ordinarily the case in matters of this kind, is in direct dispute. Without reviewing the evidence and the testimony of the doctors and setting that of one off against another, we shall do no more here than say that, after reading the record and giving consideration to all of the evidence, we are of the view that the finding of the trial court as to the extent of the injury is sustained by the preponderance of the evidence. The question being purely one of fact, it would serve no useful purpose to review the testimony in detail.

■ The claimant's cross-appeal is based on the assumption that, when the claim was opened on or about March 15, 1933, it was done voluntarily by the department, and not upon the application of the claimant. The record, however, does not sustain this assumption. Whether it would make any difference if the fact was

as assumed, we do not determine. While the application was not a formal one, such as is ordinarily made in such cases, it nevertheless was the application of the claimant that caused the claim to be opened. Not being satisfied with his condition and the compensation which he had received, he went to Mr. McNair, a representative of the department, and asked him if he could not have the department do something for the knee. Afterwards, Mr. McNair presented the matter to the department, and the claim was opened.

Upon the cross-appeal, the claimant sought time loss from May 3, 1931, when his claim was closed the second time, to February 17, 1933, when it was opened in response to the application having been made to Mr. McNair.

Subdivision (c) of Rem. Rev. Stat., § 7686 [P. C. § 3480], provides that:

"No increase or rearrangement shall be operative for any period prior to application therefor."

The case, upon the cross-appeal, falls directly within the holding of *Fuller v. Department of Labor & Industries,* 169 Wash. 362, 13 P. (2d) 903, and upon the authority of that case, the claimant was not entitled to time loss.

The judgment upon both appeals will be affirmed.

GERAGHTY, BEALS, TOLMAN, and BLAKE, JJ., concur.