[No. 31329. Department Two. May 17, 1950.]

MINNIE M. RAMSAY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

HELEN BUHRIG MILLER, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Lindberg & Ryan* and *Roy A. Jackson*, for appellants.

*The Attorney General* and *Bernard A. Johnson, Assistant*, for respondent.

HAMLEY, J.—The above-entitled cases were, by stipulation, consolidated for trial in the superior court. They have been, by stipulation and order of the chief justice, consolidated for hearing in this court.

[1] Reported in 218 P. (2d) 765.

Late in 1932 or early in 1933, Robert H. Ramsay suffered industrial injuries while engaged in extrahazardous work in Spokane. The department of labor and industries approved his claim for compensation and classified him as totally and permanently disabled. On July 11, 1934, the department awarded him a lump sum settlement of seven hundred fifty dollars in lieu of his monthly pension, which award he accepted. On February 22, 1936, Mr. Ramsay died. In November, 1948, his widow, Minnie M. Ramsay, petitioned the department for payment to her of the difference between this seven hundred fifty dollars and the four thousand dollars to which, she claims in her petition, her husband was entitled under this court's decisions in *Booth v. Department of Labor & Industries,* 189 Wash. 201, 64 P. (2d) 505, and *Wintermute v. Department of Labor & Industries,* 183 Wash. 169, 48 P. (2d) 627.

On November 28, 1932, Henry Buhrig suffered an industrial injury while engaged in extrahazardous work in Spokane. His claim for compensation was approved by the department and he was classified as temporarily totally disabled. He was paid time loss from December 2, 1932, to October 1, 1935. On October 10, 1935, upon petition of the workman, he was reclassified as totally and permanently disabled and awarded a lump sum settlement of fifteen hundred dollars in lieu of a monthly pension. On February 20, 1945, Mr. Buhrig died. On May 5, 1948, his widow, who had remarried on July 7, 1945, filed with the department a petition similar to that which was later filed on behalf of Mrs. Ramsay, as indicated above.

The supervisor of industrial insurance rejected both petitions upon the sole ground that they had not been made within one year after the deaths of the respective workmen. Following petitions for rehearing, the joint board sustained the supervisor in both cases. On appeal, the superior court affirmed the decisions of the joint board, holding in a single conclusion of law that, as the widow's claims were not filed within one year, they were barred. The consolidated cases are now before us on the appeals of the two widows.

■ Beginning with the case of *Cole v. Department of Labor & Industries,* 137 Wash. 538, 243 Pac. 7, we have repeatedly held that in industrial insurance appeals the courts are limited to the question or questions which were actually decided by the department. This rule has been specifically applied where the department has rejected a claim without consideration of its merits, upon the ground that the statute of limitations had operated against the application. *Taylor v. Department of Labor & Industries,* 175 Wash. 1, 26 P. (2d) 391. We are therefore limited to the one question, namely, whether the one-year limitation provision contained in Rem. Rev. Stat., § 7686 [P.P.C. § 706-1], is applicable to the claims of Mrs. Ramsay and Mrs. Miller for any compensation which was due their husbands at the time of the latters' deaths and remaining unpaid.

Rem. Rev. Stat., § 7686, was originally enacted as § 12, chapter 74, Laws of 1911, where it carried the heading, "Filing Claim for Compensation." Subdivisions (a), (b) and (c) of that section require a workman, or others claiming compensation under the act, to file an application with the department. Subdivision (d) provides that:

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued."

Subdivision (e) relates to the failure of physicians to file reports, and has no bearing upon the present problem.

■ The context of this section, considered by itself or read as a part of the act as a whole, plainly indicates that the "application" referred to in subdivision (d), setting up the statute of limitations, is any "application" filed pursuant to the preceding subdivisions (a), (b) or (c) of Rem. Rev. Stat., § 7686. If the kind of request for payment now before us is not covered by any of those preceding subdivisions, it must accordingly be held that such request is not covered by the one-year limitation set out in subdivision (d). This conclusion is compelled by the familiar rule of statutory construction that the express mention of one thing will be taken to imply the exclusion of another thing, *expressio unius est*

*exclusio alterius.* *State ex rel. Port of Seattle v. Department of Public Service,* 1 Wn. (2d) 102, 95 P. (2d) 1007; 50 Am. Jur. 238, Statutes, § 244. It is therefore necessary to determine whether the requests for payment here under consideration fall into any of those categories.

Subdivision (a) of the section provides that "where a workman is entitled to compensation . . . he shall file . . . his application . . ." Since the requests for payment under review are not prosecuted by injured workmen, they cannot be regarded as applications filed pursuant to subdivision (a).

Subdivision (b) reads as follows:

"Where death results from injury the *parties entitled to compensation under this act,* or someone in their behalf, shall make application for the same to the department, which application must be accompanied with proof of death and proof of relationship showing the parties to be entitled to compensation under this act, certificates of attending physician, if any, and such proof as required by the rules of the department." (Italics ours.)

This subdivision relates to claims for compensation due to the parties entitled to it. These are new and original rights, personal to such beneficiaries and dependents, accruing upon the death of the workman. *Beels v. Department of Labor & Industries,* 178 Wash. 301, 34 P. (2d) 917; *McFarland v. Department of Labor & Industries,* 188 Wash. 357, 366, 62 P. (2d) 714.

Subdivision (c) reads as follows:

"If change of circumstances warrants an increase or rearrangement of compensation, like application shall be made therefor. No increase or rearrangement shall be operative for any period prior to application therefor."

This subdivision relates to applications for increased compensation and to reopen claims which have been closed. *Fuller v. Department of Labor & Industries,* 169 Wash. 362, 13 P. (2d) 903.

Appellants, on the other hand, are proceeding, not under subdivisions (a), (b) or (c) of Rem. Rev. Stat., § 7686, but under the provisos of Rem. Rev. Stat., § 7684 [P.P.C. § 705-

17]. The first part of the latter section provides that rights personal to a claimant are not assignable and abate upon the death of such claimant. *Ray v. Industrial Ins. Comm.,* 99 Wash. 176, 168 Pac. 1121. In 1919 and 1923, provisos were added to the section under which the department is required, in certain instances, to pay to the widow compensation due a workman and unpaid at the time of his death. Laws of 1919, chapter 131, § 6; Laws of 1923, chapter 136, § 4.

The workmen in question had already filed claims for compensation in full compliance with Rem. Rev. Stat., § 7686. Those claims had been approved by the department. The widows of these workmen are now asking that the portion of their respective husbands' compensation which accrued but was unpaid during the husbands' lifetimes, be now paid to the widows. This is not the assertion of a new or original claim, as contemplated by subdivision (b) of Rem. Rev. Stat., § 7686. Neither appellant is seeking a pension or any other allowance in her own right. Nor is it an attempt to obtain increased compensation or to open a closed claim, pursuant to subdivision (c) of Rem. Rev. Stat., § 7686. Whatever unpaid compensation there may have been due to the husbands at the time of their deaths was not compensation provided by law for their beneficiaries. The widows became entitled to their *husbands' compensation,* and it passes to them, if at all, by virtue of a statutory assignment expressed in the provisos of Rem. Rev. Stat., § 7684.

Nothing in Rem. Rev. Stat., §§ 7684, 7686, or elsewhere in the act, suggests that a widow must file an "application" for any portion of her deceased husband's accrued but unpaid compensation to which she may be entitled under these statutory assignment provisos of Rem. Rev. Stat., § 7684.

■ We therefore hold that the one-year limitation contained in Rem. Rev. Stat., § 7686, does not apply to the request of a widow, made under Rem. Rev. Stat., § 7684, for compensation which was owing to her husband and which was unpaid at the time of his death. There is no statutory limit within which a widow must assert this right to an assignment of what was due her husband. It may be ob-

served that this is not the first time we have held a certain class of claims or requests for payment outside the scope of the limitation provisions of Rem. Rev. Stat., § 7686. See *Henson v. Department of Labor & Industries,* 15 Wn. (2d) 384, 130 P. (2d) 885, holding that claims relating to occupational diseases are not covered by that section.

We do not determine whether, under the circumstances of this particular case, appellants are actually entitled to invoke Rem. Rev. Stat., § 7684, or any other provisions of the act in support of their claims. We have only pointed out that appellants base their requests for payment on that section, and that the kind of payments dealt with in that section are not covered by the one-year statute of limitations. While the department now argues that appellants may not invoke Rem. Rev. Stat., § 7684, this point was not decided by either the department or the trial court, and so is not before us.

The judgments are each reversed, with instructions to the trial court to remand the cases to the department for further proceedings in accordance with this opinion.

ROBINSON, MALLERY, and HILL, JJ., concur.

SIMPSON, C. J., dissents.

---

## ON REHEARING.
[ *En Banc.* October 4, 1950 ]

PER CURIAM.—Upon a rehearing *En Banc,* the court unanimously adheres to the Departmental opinion heretofore filed herein.