[No. 31184. *En Banc.* July 19, 1951.]

GEORGE L. CARL, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Walthew, Gershon, Yothers & Warner,* for appellant.

*The Attorney General* and *Millard C. Thomas, Assistant,* for respondent.

HAMLEY, J.—This is a motion for substitution of the widow of appellant as plaintiff-appellant, following appel-

[1]Reported in 234 P. (2d) 487.

lant's death pending this appeal. The motion was heard by Department One and was denied, no opinion being issued. A rehearing was thereafter granted, and the motion was argued to the court sitting *En Banc.*

George L. Carl, the deceased workman herein, was injured April 9, 1946. The department of labor and industries found that his condition was related to his weak heart and not to his injury. The claim was therefore closed without any permanent partial disability award. On appeal, the joint board sustained the department and dismissed the appeal. Carl then appealed to the superior court. At the beginning of the trial, respondent's motion to dismiss was denied without prejudice to the renewal of the same after the verdict.

The transcript reveals that the jury returned a verdict in favor of the plaintiff, but does not indicate the nature of the verdict. Respondent's answer to the petition for rehearing, however, conveys the information that the verdict of the jury was that Carl was totally and permanently disabled as the result of his injury on April 9, 1946. Counsel for the widow made a statement to the same effect during the argument of the motion at the *En Banc* hearing. In view of the agreement between counsel on this point, we will assume, for the purpose of considering this motion, that the verdict of the jury was as indicated above.

After the jury found for appellant, respondent renewed its motion to dismiss the appeal. The motion was granted, and a judgment of dismissal was entered on July 6, 1949. On November 26, 1949, after notice of appeal to this court was given, Carl died. His widow thereupon filed this motion.

In presenting the matter to this court, petitioner and respondent have discussed at length the meaning to be attached to Rem. Supp. 1947, § 7684, relating to survivorship of claims under the workmen's compensation act. In our view, however, this survivorship statute is not here applicable.

■ Had a judgment been entered on the jury verdict prior to Carl's death, it is clear that the property right in that judgment would have descended to his legal representative, entirely apart from Rem. Supp. 1947, § 7684. *Calkins v. Department of Labor & Industries,* 10 Wn. (2d) 565, 117 P. (2d) 640. No such judgment was here entered. But Rem. Rev. Stat. (Sup.), § 7697-2 [P.P.C. § 704-3], provides that the jury's verdict in every such appeal "shall have the same force and effect as in actions at law."

■ In actions at law, where the action would otherwise abate upon death of one of the parties, the rule is established that, if the jury verdict has been entered prior to death, a judgment, the entry of which is delayed by the trial court or the opposing party, will be entered *nunc pro tunc* as of that date, for the purpose of avoiding abatement. *Garrett v. Byerly,* 155 Wash. 351, 284 Pac. 343, 68 A. L. R. 254; *Nenezich v. Elich,* 183 Wash. 657, 49 P. (2d) 33.

It happens that in these two cases the party who died was the defendant. However, the rule is also applicable in case of the death of the plaintiff. *Mitchell v. Overman,* 103 U. S. 62, quoted with approval in the *Garrett* case, involved a judgment entered *nunc pro tunc* to avoid abatement by reason of the death of the plaintiff. In affirming such judgment, the court said:

"The adjudged cases are very numerous in which have been considered the circumstances under which courts may properly enter a judgment or a decree as of a date anterior to that on which it was in fact rendered. It is unnecessary to present an analysis of them, some of which are cited in a note to this opinion. We content ourselves with saying that the rule established by the general concurrence of the American and English courts is, that where the delay in rendering a judgment or a decree arises from the act of the court, that is, where the delay has been caused either for its convenience, or by the multiplicity or press of business, either the intricacy of the questions involved, or of any other cause not attributable to the laches of the parties, the judgment or the decree may be entered retrospectively, as of a time when it should or might have been entered up. In such cases, upon the maxim *actus curiae neminem gravabit,*—which has been well said to be found in right and good

sense, and to afford a safe and certain guide for the administration of justice,—it is the duty of the court to see that the parties shall not suffer by the delay. A *nunc pro tunc* order should be granted or refused, as justice may require in view of the circumstances of the particular case." (p. 64-5.)

Accordingly, if, upon this appeal, it is determined that the trial court was in error, and that judgment should have been entered in accordance with the verdict, the judgment should be entered as of the date of the jury verdict, thereby avoiding abatement. On the other hand, should this court hold, upon this appeal, that the trial court erred, but that a new trial is required, the action would then be considered as abated by the death of Carl. This is true because it would then appear that his claim had never been recognized by a valid jury verdict and had therefore not ripened into an award, assuming (but not deciding) that a jury verdict constitutes an award within the meaning of the statute.

The proper party to be substituted as plaintiff-appellant under these circumstances is the legal representative of his estate. It is therefore necessary to deny this motion to substitute the widow in her personal capacity. If, however, the surviving widow or some other person files with the clerk of this court, within thirty days, an affidavit showing that such person is the legal representative of George L. Carl, deceased, substitution of such person as plaintiff-appellant will be deemed granted.

ALL CONCUR.