[No. 33561.   Department One.   June 7, 1956.]

GRACE CURRY, *as Administratrix, Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 298 P. (2d) 485.

*The Attorney General* and *Walter F. Robinson, Jr., Assistant,* for appellant.

SCHWELLENBACH, J.—September 24, 1952, Roland Curry was injured as the result of an industrial accident while employed at the plant of Armour and Company in Spokane.

He filed a claim with the department, which was allowed. Time loss was paid, and medical treatment given. December 15, 1953, the department issued a final award closing his claim with time loss as paid and with a permanent partial disability award of fifteen per cent as compared to the maximum allowed for unspecified disabilities. Curry appealed to the board of industrial insurance appeals, asserting that the award was inadequate because it failed to take into consideration a heart condition allegedly caused by the injury, and that by reason of that condition he was unable to resume work of any kind. He prayed for a permanent total disability rating or, in the alternative, a rating of one hundred per cent of the unspecified. The board sustained the department's order. On appeal to the superior court, the jury rendered a verdict upholding the ruling of the board.

Two days after the return of the verdict, a motion was filed for judgment n.o.v. or, in the alternative, for a new trial. The claimant died on the same day. The record is silent as to whether he died before or after the filing of the motion. Thereafter, by way of two separate orders, Grace Curry, the claimant's widow, was substituted as party plaintiff, both in her own right and as administratrix. The trial court subsequently entered judgment n.o.v. The department appeals, assigning error to the entry of the order of substitution and the judgment n.o.v.

A wife cannot be deemed, during her husband's lifetime, a party in interest to any proceeding instituted by him to enforce any claim for workmen's compensation. Her rights, as a widow, accrue the instant her husband dies.

*Beels v. Department of Labor & Industries,* 178 Wash. 301, 34 P. (2d) 917.

The matter of survival of a workman's claim following his death is covered by § 1, chapter 56, Laws of 1947, p. 91 (*cf.* RCW 51.32.040):

" . . . No money paid or payable under this act out of the accident fund or out of the medical aid fund shall, prior to the issuance and delivery of the warrant therefor, be capable of being assigned, charged, nor ever be taken in execution or attached or garnished, nor shall the same pass, or be paid, to any other person by operation of law, or by any form of voluntary assignment, or power of attorney. Any such assignment or charge shall be void: *Provided,* That if any workman shall suffer a permanent partial injury, and shall die from some other cause than the accident which produced such injury before he shall have received payment of his award for such permanent partial injury, or if any workman shall suffer any other injury and shall die from some other cause than the accident which produced such injury before he shall have received payment of any monthly installment covering any period of time prior to his death, the amount of such permanent partial award, or of such monthly payment or both shall be paid to his widow, if he leave a widow, or to his child or children, if he leave a child or children and shall not leave a widow: *Provided,* That if any workman shall suffer any injury and shall die therefrom before he shall have received payment of any monthly installment covering time loss for any period of time prior to his death, the amount of such monthly payment shall be paid to his widow, if he leave a widow, or to his child or children if he leave a child or children, and shall not leave a widow: *Provided, further,* That if the injured workman shall have resided in the United States as long as three years prior to the date of such injury such payment shall not be made to any widow or child who was at the time of such injury a non-resident of the United States."

██ Under the first part, or main body, of the statute, money payable under the workmen's compensation act may not be assigned prior to the time the warrant is issued and delivered. It follows that the claim itself may not be assigned. In *Ray v. Industrial Ins. Com.,* 99 Wash. 176, 168 Pac. 1121, we held that the right to compensation under the

act does not survive to the personal representative. In discussing the above statute, which was then Rem. Code, § 6604-10, we said:

"This court, in keeping with the universal rule, has held that the test of survivorship of a cause of action is its assignability, and conversely, the test of assignability is survivorship, which is to say assignability and survivability are convertible terms. *Ingersoll v. Gourley*, 72 Wash. 462, 130 Pac. 743; *Slauson v. Schwabacher Bros. & Co.*, 4 Wash. 783, 31 Pac. 329, 31 Am. St. 948; *Conaway v. Co-Operative Homebuilders*, 65 Wash. 39, 117 Pac. 716.

"Since the assignment of the claim is expressly prohibited prior to the issuance and delivery of the warrant—an event which did not occur in the decedent's lifetime, or at all; and since the statute further provides 'nor shall the same pass to any other person by operation of law,' the conclusion seems irresistible that the cause of action does not survive to the personal representative of the deceased, *but is a right limited to the injured workman or his dependents as defined by the statute.*" (Italics ours.)

█ The first provision of the statute applies only where there has been an award prior to death, under the circumstances outlined therein. It does not create a right of survivorship in an unliquidated claim. *Albertson v. Department of Labor & Industries*, 28 Wn. (2d) 750, 184 P. (2d) 53. The second and third provisos are not applicable under the facts herein.

█ A personal representative may be substituted where judgment has been entered in the claimant's favor and he dies pending appeal, for a judgment is property which descends to the representative of the deceased for the benefit of his estate. *Calkins v. Department of Labor & Industries*, 10 Wn. (2d) 565, 117 P. (2d) 640.

In *Carl v. Department of Labor & Industries*, 38 Wn. (2d) 890, 234 P. (2d) 487, we held that the legal representative of the claimant's estate, and not his widow in her personal capacity, could be substituted as plaintiff-appellant where the claimant appealed from an order of the board and the jury returned a verdict in his favor; the department thereafter renewed a prior motion to dismiss the appeal, which

motion was granted and a judgment of dismissal entered; the claimant gave notice of appeal to this court; and the claimant died pending appeal. We stated:

"Accordingly, if, upon this appeal, it is determined that the trial court was in error, and that judgment should have been entered in accordance with the verdict, the judgment should be entered as of the date of the jury verdict, thereby avoiding abatement. On the other hand, should this court hold, upon this appeal, that the trial court erred, but that a new trial is required, the action would then be considered as abated by the death of Carl. This is true because it would then appear that his claim had never been recognized by a valid jury verdict and had therefore not ripened into an award, assuming (but not deciding) that a jury verdict constitutes an award within the meaning of the statute."

■ When Curry died, neither a verdict nor a judgment had been rendered in his favor. His claim had not ripened into an award. No property, in connection with his claim, descended to his personal representative for the benefit of his estate. His claim was personal to himself and abated at his death.

The order substituting Grace Curry as party plaintiff and the judgment n.o.v. are reversed, without prejudice however, to the right of the widow to apply for a pension under the provisions of RCW 51.32.050.

HAMLEY, C. J., DONWORTH, FINLEY, and OTT, JJ., concur.