[No. 24-40173-1.    Division One.    January 19, 1970.]
Panel 1

CLARA E. POWELL, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*

*Walthew, Warner & Keefe* and *Gene Arron,* for appellant.

*Slade Gorton, Attorney General,* and *Robert G. Swenson, Assistant,* for respondents.

**REVIEW GRANTED BY SUPREME COURT.**

FARRIS, J.—William J. Powell sustained an industrial injury in the course of his employment with the Boeing Company on August 15, 1952. He was awarded a permanent partial disability award of 20 per cent of the maximum allowable for unspecified disabilities. (This was subsequently increased to 30 per cent following an appeal to the Board of Industrial Insurance Appeals.) On March 3, 1959, he applied to reopen his claim for aggravation of the injury. This application was denied and an appeal to the board was taken. On November 27, 1961, after both sides had presented their cases and rested and before the board had rendered its decision, William J. Powell died.

The deceased's widow, Clara E. Powell, applied for and

eventually received the customary widow's benefit. On April 25, 1965, she requested the Department of Labor and Industries to pay to her his total disability benefits for the period from October 23, 1959, to the date of her husband's death. The department denied her appeal; the Superior Court of the State of Washington in and for the County of Thurston affirmed the board's decision and dismissed the action. The claim has now been brought to this court.

Appellant claims that her husband was permanently and totally disabled from October 23, 1959, until his death. She seeks to recover those monthly disability payments that the husband would have been entitled to had he survived. The sole question is whether the husband's right to pursue his disability claim survives in the widow.

■ Survival of a workman's claim is provided for by RCW 51.32.040. The provision of RCW 51.32.040 which appellant contends entitles her to pursue her husband's claim is as follows:

> [I]f any workman suffers a permanent partial injury, and dies from some other cause than the accident which produced such injury before he shall have received payment of his award for such permanent partial injury, or if any workman suffers any other injury and dies from some other cause than the accident which produced such injury before he shall have received payment of any monthly installment covering any period of time prior to his death, the amount of such permanent partial award, or of such monthly payment or both, shall be paid to his widow, if he leaves a widow, or to his child or children if he leaves a child or children and does not leave a widow: . . .

This provision has been considered by the Supreme Court in earlier cases. *Calkins v. Department of Labor & Indus.*, 10 Wn.2d 565, 117 P.2d 640, (1941); *Carl v. Department of Labor & Indus.*, 38 Wn.2d 890, 234 P.2d 487 (1951). In *Calkins* there was no widow or children but the claim had been reduced to judgment and the court held that it survived. In *Carl* the jury had returned a verdict in favor of the plaintiff but no judgment was entered prior to the death of the workman. The Supreme Court held that if

it is determined . . . that judgment should have been entered in accordance with the verdict, the judgment should be entered as of the date of the jury verdict, thereby avoiding abatement. On the other hand, should this court hold, upon this appeal, that the trial court erred, but that a new trial is required, the action would then be considered as abated by the death of Carl.

*Carl v. Department of Labor & Indus., supra* at 893.

The Supreme Court has consistently construed the statute as creating a right of survivorship only where there was an award prior to death. *Curry v. Department of Labor & Indus.,* 49 Wn.2d 93, 298 P.2d 485 (1956); *Albertson v. Department of Labor & Indus.,* 28 Wn.2d 750, 184 P.2d 53 (1947). In *Curry* at 97 the court decided:

When Curry died, neither a verdict nor a judgment had been rendered in his favor. His claim had not ripened into an award. . . . His claim was personal to himself and abated at his death.

It is appellant's contention that the recent decision in *Lightle v. Department of Labor & Indus.,* 68 Wn.2d 507, 413 P.2d 814 (1966) should control our decision. We do not agree.

In *Lightle* the court had occasion to construe the second provision of RCW 51.32.040 dealing with "time-loss payments" but not "disability payments."

In its en banc decision the court held that

[T]he legislature, in enacting the questioned proviso, intended that the widow's right to the deceased workman's time loss compensation does survive, . . .

*Lightle v. Department of Labor & Indus., supra* at 513.

Appellant asserts that the language of the two provisos are nearly identical and that "There is no logical reason why the first proviso should have any different interpretation than that placed on the second proviso in *Lightle v. Department, supra."*

In *Lightle,* the Supreme Court distinguished the two provisions of RCW 51.32.040 and the decisions in *Albertson* and *Curry* but it did not overrule them:

The sole issue presented in the instant case is whether a widow can pursue a claim for time loss. In the Albertson case, this court expressly ruled out the time loss issue, . . .

. . .

Appellant also relies on *Curry v. Department of Labor & Indus.*, 49 Wn.2d 93, 298 P.2d 485 (1956). This likewise is not a "time loss" case, and did not involve an interpretation of the proviso here in question.

*Lightle v. Department of Labor & Indus., supra* at 511.

■ The "disability" proviso has consistently been construed to bar survivorship except where an award has been made. It has been repeatedly reenacted by the legislature without change. It can be assumed that reenactment of a law after a Supreme Court construction, in effect, adopts that judicial interpretation. *McKinney v. Estate of McDonald*, 71 Wn.2d 262, 427 P.2d 974 (1967).

The judgment is affirmed.

JAMES, C. J., and SWANSON, J., concur.

Petition for rehearing denied March 17, 1970.